SWILLING v. SWILLING

[99 N.C. App. 551 (1990)]

MARY SWILLING, Plaintiff v. WILLARD SWILLING, Defendant

No. 8928DC1105

(Filed 17 July 1990)

1. **Divorce and Alimony § 30 (NCI3d) — equitable distribution award — reduction by amount of alimony paid — error**

     The trial court erred in reducing plaintiff's equitable distribution award by $6,000 in alimony previously paid by defendant in violation of N.C.G.S. § 50-20(f).

     **Am Jur 2d, Divorce and Separation §§ 870, 872, 925.**

2. **Divorce and Alimony § 30 (NCI3d) — equal division of property not equitable — failure to make findings**

     The trial court erred in concluding that an equal division of marital property would not be equitable where the court did not make any findings of fact enumerated under N.C.G.S. § 50-20(c).

     **Am Jur 2d, Divorce and Separation §§ 870, 872, 925.**

3. **Evidence § 47 (NCI3d) — court's appointment of expert witness — error**

     The trial court erred in appointing and determining that a witness was an expert, since the trial judge did not enter an order to show cause why the expert witness should not be appointed. N.C.G.S. § 8C-1, Rule 706(a).

     **Am Jur 2d, Expert and Opinion Evidence §§ 55, 60-62.**

4. **Witnesses § 10 (NCI3d) — expert witness improperly appointed — fee assessed against both parties**

     Though the trial court erred in appointing an expert witness, it would be inequitable to deny the witness his fee, and assessing each party, neither of whom was at fault, a pro rata portion of the witness's fee was equitable.

     **Am Jur 2d, Expert and Opinion Evidence §§ 19, 23.**

APPEAL by defendant from judgment entered 2 June 1989 in BUNCOMBE County District Court by *Judge Peter L. Roda.* Heard in the Court of Appeals 11 April 1990.

SWILLING v. SWILLING

[99 N.C. App. 551 (1990)]

*Bruce B. Briggs for plaintiff-appellant.*

*Riddle, Kelly & Cagle, P.A., by Robert E. Riddle, E. Glenn Kelly and Rebekah W. Davis, for defendant-appellant.*

*Riddle, Kelly & Cagle, P.A., by Robert E. Riddle, E. Glenn Kelly and Rebekah W. Davis, for defendant-appellee.*

DUNCAN, Judge.

In this appeal, plaintiff, Mary Swilling ("Mrs. Swilling"), seeks to overturn the order of equitable distribution. Willard Swilling ("Mr. Swilling") also seeks to overturn the trial judge's order. For the reasons which follow, we reverse the decision of the trial judge.

I

Mr. and Mrs. Swilling were married in 1954. During the course of their marriage, they accrued several items of personalty and realty. They were subsequently divorced in 1988 and a hearing was held in 1989 to determine the distribution of the marital property. Among other things, the trial judge concluded that an equal distribution of the property would not be equitable. From that order the parties appeal. Other facts will be supplied in this opinion as necessary. We turn now to the issues in this case.

II

We note first that the plaintiff's brief is written in violation of N.C. R. App. P. 28(b) (1990), which requires that briefs submitted to this court be in the form required by Rule 26(g). N.C. R. App. P. 26(g) (1990) requires all printed matter submitted to this court to be presented with double spacing between each line of text.

The parties agree on three issues: 1) that the trial judge improperly considered $6,000 in alimony paid by the defendant in reducing plaintiff's award, 2) that the trial judge made mathematical errors in computing the parties' distribution of property, and 3) that the trial judge erred in entering judgment when the findings of fact and conclusions of law do not support it. We agree with the parties and reverse the order of the trial judge.

[1] With respect to the alimony paid by the defendant, N.C. Gen. Stat. § 50-20(f) (1987) states, "The court shall provide for an equitable distribution without regard to alimony for either party . . . ." Furthermore, this court has stated, ". . . equitable distribution

in this state is accomplished without regard to alimony previously awarded." *In re Foreclosure of Cooper*, 81 N.C. App. 27, 37, 344 S.E.2d 27, 34 (1986). In this case, the trial judge found that Mr. Swilling had paid $6,000 in alimony to Mrs. Swilling and reduced the amount of collected rental and pension monies to be paid to Mrs. Swilling by including the alimony in the items for which Mr. Swilling was credited. That was improper and we thus overturn that portion of the judge's equitable distribution order.

With respect to the mathematical errors, we point out that the need for accuracy in computing the amounts due to each of the parties is of particular importance where the marital estate is as large and complex as that of the parties in this case. First, the judge improperly deducted the alimony paid to Mrs. Swilling as a credit to Mr. Swilling. Then, it appears that the judge deducted the same item twice from the amount that would have gone to Mrs. Swilling. This was improper and is, therefore, reversed.

With respect to the findings of fact and conclusions of law, we find that the conclusions of law are not supported by the findings of fact.

[2] N.C. Gen. Stat. § 50-20(c)(1-12) and (j) provide for an equal division of the marital property unless the court determines that an equal division would not be equitable. The statute sets out twelve factors which the court may consider and requires the court to make and set forth in the order findings of fact which support the determination that the marital property has been divided equitably. Our Supreme Court stated that:

> the statute is a legislative enactment of public policy so strongly favoring the equal division of marital property that an equal division is made *mandatory* unless the Court determines that an equal division is not equitable[;] . . . if no evidence is admitted tending to show that an equal division would be inequitable, the trial court *must* divide the marital property equally. (emphases original)

*White v. White*, 312 N.C. 770, 776, 324 S.E.2d 829, 832-33 (1983). In this case, the trial judge concluded that an equal division of the marital property would not be equitable but did not make any findings of fact enumerated under G.S. § 50-20(c). Mr. Swilling contends that there were favorable tax consequences which were included with awarding the marital home to Mrs. Swilling and

that he should have been given credit for those consequences. While it is not the province of this court to determine which party should be given certain property, G.S. § 50-20(c)(11) does provide for consideration of favorable tax consequences in making an equitable distribution. Thus, the conclusion of law that an equal distribution would be inequitable was without support and is reversed.

III

[3] The only other issue which merits consideration is that of the court-appointed witness. The defendant assigns error to the trial judge appointing and determining that the witness, Byerly, was an expert. He also contends that the trial judge erred in assessing the witness' $5,750.00 fee against the parties. For the following reasons we find the trial court erred.

N.C. R. Evid. 706(a) (1988) provides:

The court may on its own motion or on motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint any expert witnesses of its own selection.

Our Supreme Court has held that a court may of its own motion appoint an expert witness. *State v. Horne*, 171 N.C. 787, 788, 88 S.E.2d 433, 433 (1916). Rule 706 provides the procedure for appointing such a witness. In the case at bar, the trial judge did not enter an order to show cause why the expert witness should not be appointed. Thus, the testimony of the witness must be excluded.

[4] The defendant also assigns error to the assessing of one-half of the witness' fee against him. While there is no precise statutory or common law remedy in such an instance, we note that the witness is a third party in this matter and should not be held responsible for the errors of the trial judge. An expert witness cannot be expected to forecast when he will not be qualified to render an opinion in a case. Thus, it would be inequitable to deny the witness his fee. Since neither party is at fault in this instance we find that assessing each party a pro rata portion of the witness' fee is equitable.

The plaintiff's and defendant's additional assignments of error are subsumed under the issues discussed here. They should be

addressed on remand and thus we find that they do not merit discussion here.

For the foregoing reasons, the order of equitable distribution is

Reversed.

Judges ARNOLD and LEWIS concur.