DEPARTMENT OF TRANSPORTATION, Plaintiff v. ROYMAC PARTNERSHIP, a North Carolina General Partnership, and COUNTY OF NEW HANOVER, Defendants

No. COA02-441

(Filed 17 June 2003)

**1. Appeal and Error— appealability—interlocutory order—condemnation—substantial right**

Orders from a condemnation hearing concerning title and the area taken affect a substantial right and may be appealed immediately even though they are interlocutory.

**2. Eminent Domain— damages—industrial park—unity of use alone not sufficient**

Unity of use alone was not determinative in deciding whether an industrial park was a unified parcel for calculating condemnation damages. Some portions of the park lacked unity of ownership or physical unity, and each parcel was analyzed separately.

**3. Eminent Domain— damages—street within industrial park—continuity of parcel not broken**

A parcel of land was properly considered a unified tract for assessing condemnation damages where there was unity of ownership and use, but physical unity was disputed because a road ran through the parcel. The mere existence of the road did not break the continuity of the parcel.

**4. Eminent Domain— damages—unity of ownership—partnership and corporation**

The trial court improperly concluded that there was unity of ownership between condemned lots where the two parcels were owned by a partnership and a corporation, and the principal shareholders of the corporation include the general partners of the partnership or entities owned by those partners. That argument has been rejected in prior opinions.

**5. Eminent Domain— damages—physical unity—separated by other land**

There was no physical unity between condemned parcels of land separated by other lots.

**6. Highways and Streets— dedicated street—acceptance by DOT**

DOT's acts were sufficient to constitute acceptance of the dedication of a street to the public, and the trial court erred by including the street as part of a unified tract for calculating damages from condemnation of the property.

**7. Eminent Domain— damages—loss of highway access—part of unified tract**

Some of the defendants in the condemnation of an industrial park were entitled to damages from a loss of direct access and some were not. Parcels which were not part of the unified tract and did not abut the highway were not entitled to damages, while parcels in unity with the condemned lots, one of which abuts the main highway, were entitled to damages.

**8. Eminent Domain— damages—loss of access**

Parcels which did not abut a street in an industrial park taken by eminent domain were not entitled to compensation under N.C.G.S. § 136-89.53 for loss of access. Moreover, the remaining lots abutting the road have not lost access to that road.

Appeal by plaintiff from order filed 21 November 2001 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court.[1] Heard in the Court of Appeals 11 March 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General W. Richard Moore and Assistant Attorney General Elizabeth N. Strickland, for plaintiff appellant.*

*Murchison, Taylor & Gibson, PLLC, by Michael Murchison, for defendant appellees.*

BRYANT, Judge.

The North Carolina Department of Transportation (DOT) appeals from an order dated 21 November 2001 concluding: (1) that Roymac Partnership (Roymac) should be allowed to amend the pleadings by adding Wilmington Materials, Inc. (Wilmat) and WMI Holdings, LLC as additional parties; and (2) that certain parcels of real estate owned by Roymac and Wilmat (collectively defendants) constitute a single

---

1. The 21 November 2001 order dismissed the County of New Hanover as a defendant in this case and it is not a party to this appeal.

unified tract for purposes of calculating damages in a condemnation action by DOT.[2]

On or about 6 March 2000, DOT filed this condemnation action to acquire three vacant lots in Roymac Industrial Park (the industrial park). After filing an answer and counterclaim, Roymac filed two motions dated 26 October 2001: (1) a "Motion to Determine Issues Other than Damages Pursuant to N.C.G.S. § 136-108"[3] and (2) a motion to amend its answer and counterclaim to add Wilmat and WMI Holdings, LLC.

### The Properties[4]

The evidence presented at the 5 November 2001 hearing tends to show the industrial park is primarily situated around two roads: Roymac Drive and Frederickson Road. Roymac Drive runs in an east-west direction connecting U.S. Hwy. 421 in the east and Fredrickson Road in the west, both of which run in a north-south direction. The industrial park is made up of three separate parcels of land: (1) a number of lots owned by Roymac marked with an "R" on the attached illustrated map between U.S. Hwy. 421 and Fredrickson Road (the Roymac parcel) located on both the northern and southern sides of Roymac Drive (2) lots which were owned by Wilmat at the time of the filing of this action (the Wilmat parcel), which are marked with a "W" on the attached illustration, located to the north of the Roymac parcel and bordering the eastern side of Fredrickson Road, but do not abut U.S. Hwy. 421 or Roymac Drive and do not abut the property owned by Roymac, and (3) lots owned by Roymac marked with a Roman numeral "II" on the attached illustration in a parcel of land located on the western side of Fredrickson Road beginning across from the Wilmat parcel and continuing further north along Fredrickson Road, consisting of phase 2, lots 3-10 (the Phase Two parcel), which do not abut the Roymac parcel.[5]

---

2. The real estate owned by Wilmat was conveyed to WMI Holdings, LLC after the initiation of the condemnation action.

3. N.C. Gen. Stat. § 136-108 allows for a hearing upon a motion to determine issues other than damages raised by the pleadings in a condemnation action by DOT. *See* N.C.G.S. § 136-108 (2001).

4. Appended to this opinion is an illustration of the properties using defendants' "Exhibit B". The involved areas are identified by symbols that denote the parcels of land.

5. The trial court recognized that a number of the lots in the industrial park had been sold to other entities prior to the condemnation action. Those lots as depicted on the illustrated map were: Section 1; Section 2, Lots 13 and 14; Section 6, Lot 8; Section 7, Lot 7; Section 4, Lot 6; Section 3, Lot 5; Section 5, Lot 4; Section 3, Lot 3; Phase II, Lot 2; Phase II, Section 1, Lot 1.

DOT sought to condemn the three lots still owned by Roymac and located in the Roymac parcel as part of a plan to construct a U.S. Hwy. 17 bypass, which would intersect with U.S. Hwy. 421 at the industrial park. The three lots condemned by DOT include the lone remaining lot owned by Roymac, which abuts U.S. Hwy. 421, located on the southern side of Roymac Drive, and two lots on the northern side of Roymac Drive (collectively, the condemned lots) that are marked on the attached illustration with an asterisk. While construction of the bypass would cut off direct access to the industrial park from U.S. Hwy. 421 via Roymac Drive, access to U.S. Hwy. 421 would remain via other roads.

### The Business Entities

Roymac comprises two general partners, Kyle McIntyre and David Royster. Roymac owns both the Roymac and Phase Two parcels. Wilmat is a North Carolina corporation with Kyle McIntyre and Capital Funds, Inc. as the principal shareholders. Wilmat owns the Wilmat parcel.

### The Trial Court Order

The trial court found the portions of the industrial park still owned by defendants had: a unity of use as a commercial and industrial subdivision; physical unity; and a substantial unity of ownership. The trial court also found the construction of the bypass would eliminate the industrial park's direct access to U.S. Hwy. 421. Additionally, the trial court found that although Roymac Drive had been dedicated for public use, there had been no act of acceptance by any governmental body.

From these findings the trial court concluded (1) the portions of the industrial park owned by defendants had sufficient unity to qualify as a single tract for purposes of the condemnation action and (2) elimination of direct access to U.S. Hwy. 421 constituted a partial taking, entitling at least some of the defendants to damages, or alternatively, damages for loss or injury to their easements of access. Roymac was further allowed to amend its pleadings to add Wilmat and WMI Holdings, LLC as additional parties. The trial court then ordered a trial on the issue of damages resulting from the partial taking of the property owned by defendants, including Roymac Drive and any undedicated portion of Fredrickson Road.

The issues are whether: (I) the condemned lots are in unity with (A) the Roymac parcel, (B) the Wilmat parcel, and (C) the Phase Two

parcel; (II) DOT had accepted Roymac's dedication of Roymac Drive; and (III) defendants are entitled to damages for loss of access to U.S. Hwy. 421 and/or Roymac Drive.[6]

[1] As an initial matter, although this appeal is interlocutory, it affects a substantial right as "orders from a condemnation hearing concerning title and area taken are 'vital preliminary issues' that must be immediately appealed." *Dep't of Transp. v. Airlie Park, Inc.*, 156 N.C. App. 63, 65, 576 S.E.2d 341, 343 (2003); *see Dep't of Transp. v. Rowe*, 351 N.C. 172, 176, 521 S.E.2d 707, 709 (1999). Accordingly, DOT's appeal is properly before this Court.

I

[2] DOT first contends the trial court erred in finding that all of the property owned by defendants in the industrial park was in unity with the condemned lots and thus erred in concluding defendants were entitled to damages based on a partial taking of the entire industrial park. DOT argues that the evidence instead shows the condemned lots are independent tracts of land as opposed to part of a unified tract and that defendants are only entitled to damages for the condemnation of those lots. The distinction between whether the condemned lots are part of a unified parcel of land or instead independent parcels is significant because, if treated as a unified parcel, the damages from the condemnation are calculated by the effect on the property as a whole and not based solely on the value of the condemned lots. *See Barnes v. Hwy. Comm'n*, 250 N.C. 378, 383-84, 109 S.E.2d 219, 224 (1959).

In determining whether condemned land is part of a unified tract, North Carolina courts consider three factors: (1) unity of ownership, (2) physical unity, and (3) unity of use. *See Barnes*, 250 N.C. at 384, 109 S.E.2d at 224-25. While not all three factors need be present and the greatest emphasis is generally given to unity of use, some unity of ownership must be established when separate parcels of land are involved. *See id.*; *Airlie Park*, 156 N.C. App. at 67, 576 S.E.2d at 344. Physical unity generally requires that "parcels of land must be contiguous to constitute a single tract of land." *Dep't of Transp. v. Rowe*, 138 N.C. App. 329, 333, 531 S.E.2d 836, 839 (2000), *rev'd on other grounds*, 353 N.C. 671, 549 S.E.2d 203 (2001); *see also Barnes*, 250 N.C. at 384, 109 S.E.2d at 225 (parcels claimed as single tract must be

---

6. As we conclude the owners of the Wilmat parcel are not entitled to compensation, it is unnecessary to address the assignment of error that the trial court improperly allowed the amendment of the pleadings to add Wilmat and WMI Holdings, LLC.

owned by the same party or parties). Unity of use is determined by whether the various tracts of land are being used as an integrated economic unit. *Dep't of Transp. v. Nelson Co.*, 127 N.C. App. 365, 368, 489 S.E.2d 449, 450 (1997) (unity of use existed where two separate parcels of land were part of a single development plan to construct an office park).

In its determination, the trial court considered all of the unsold portions of Roymac Industrial Park as a part of a unified tract finding there was sufficient unity of ownership, unity of use, and physical unity for purposes of condemnation. While we agree that the industrial park has unity of use as it was being developed as a single integrated economic unit similar to the office park in *Nelson Co.*, *see id.*, we also recognize that under our case law and under the facts and circumstances of this case, unity of use standing alone is not determinative. Unlike the trial court, we conclude that not all of the unsold portions of the industrial park have unity of ownership or physical unity. Therefore, we analyze each parcel with respect to the condemned lots.

## A. Roymac Parcel

[3] It is undisputed that the remaining lots in the Roymac parcel are under the same ownership as the condemned lots. Furthermore, the entire industrial park has unity of use. DOT argues that the existence of Roymac Drive, nevertheless, breaks the physical continuity of the parcel by separating the Roymac parcel from the condemned lots, and thus there is no physical unity.

The general rule is that lands separated by an existing city street which is open to the public are independent parcels. *See Barnes*, 250 at 385, 109 S.E.2d at 225. The exception to this rule, however, is:

[I]f a tract of land, no part of which is taken, is used in connection with the same farm, or the same manufacturing establishment, or the same enterprise of any other character as the tract, part of which was taken, it is not considered a separate and independent parcel merely because it was bought at a different time, and separated by an imaginary line, or *even if the two tracts are separated by a highway*, railroad, or canal.

at 386, 109 S.E.2d at 226 (citation omitted) (internal quotations omitted) (emphasis added); *City of Winston-Salem v. Tickle*, 53 N.C. App. 516, 527, 281 S.E.2d 667, 673 (1981).

In this case, the exception applies because the Roymac parcel and the condemned lots enjoy a unity of use as an integrated economic unit and are owned by Roymac. The condemned lots are only separated from the remainder of the Roymac parcel by Roymac Drive, and the mere existence of this road does not break the continuity of the parcel. *See Barnes*, 250 N.C. at 386, 109 S.E.2d at 226. Thus, there is physical unity between the condemned lots and the remainder of the Roymac parcel. Accordingly, because there is unity of ownership, physical unity, and unity of use, the Roymac parcel and the condemned lots are to be properly considered as a unified tract for the purpose of assessing damages resulting from the condemnation.

## B. *Wilmat Parcel*

[4] Defendants maintain, and the trial court found and concluded that, even though the unsold lots in the Wilmat parcel are owned by Wilmat, and not Roymac, substantial unity of ownership exists. This is so, defendants argue, because the principal shareholders of Wilmat include the general partners of Roymac, or entities owned by those partners. This Court, however, has previously rejected that argument, stating "a parcel of land owned by an individual and an adjacent parcel of land owned by a corporation of which that individual is the sole or principal shareholder cannot be treated as a unified tract for the purpose of assessing condemnation damages." *Board of Transp. v. Martin*, 296 N.C. 20, 28, 249 S.E.2d 390, 396 (1978); *Airlie Park*, 156 N.C. App. at 67, 576 S.E.2d at 344-45 (corporation is treated as a separate entity from a stockholder; thus there can be no unity of ownership). Therefore, the trial court improperly concluded there was unity of ownership between the condemned lots owned by Roymac and the Wilmat parcel.

Where there is no unity of ownership it is unnecessary to address the other unities because there must be at least *some* unity of ownership between the separate parcels before they may be considered a unified tract. *See Airlie Park*, 156 N.C. App. at 67, 576 S.E.2d at 344; *see also Martin*, 296 N.C. at 26, 249 S.E.2d at 395 (absent unity of ownership, two parcels of land cannot be regarded as a single tract); *Barnes*, 250 N.C. at 384, 109 S.E.2d at 225 (parcels claimed as a single tract must be owned by the same party or parties). Nevertheless, we note that there also does not appear to be any physical unity between the Wilmat parcel and the Roymac parcel. Accordingly, the Wilmat parcel is not in unity with the condemned lots in the Roymac parcel.

## C. Phase Two Parcel

[5] Although the Phase Two parcel, which is also owned by Roymac, does have unity of ownership with the Roymac Parcel, and thus the condemned lots, there is no physical unity. The Phase Two parcel is separated from the condemned lots and the Roymac parcel by the Wilmat parcel and other lots not owned by the defendants. As such, the Phase Two parcel is not part of a unified parcel of land. *See Airlie Park*, 156 N.C. App. at 69, 576 S.E.2d at 345 (no unity of lands where two parcels of land owned by one entity are separated by a parcel owned by a separate entity); *see also Barnes*, 250 N.C. at 384-85, 109 S.E.2d at 225 (general rule is that parcels of land must be contiguous in order to constitute a single tract, except in exceptional circumstances such as if a highway separates an otherwise unified tract); *cf.* N.C.G.S. § 40A-67 (2001) (contiguous tracts of land in the same ownership being used as an integrated economic unit treated as if a single tract).

## II

[6] DOT further argues the trial court erred in concluding Roymac Drive should be included as part of the unified tract in calculating damages. DOT maintains Roymac Drive was dedicated to public use by Roymac and that the dedication was accepted when DOT authorized plans incorporating a portion of Roymac Drive into the U.S. Hwy. 17 bypass project.

In this case, there is no dispute that Roymac dedicated the land to public use. The only dispute is whether DOT's actions constituted acceptance of that dedication. Dedication of a road to the general public is a revocable offer until accepted by a proper public authority in a recognized legal manner. *Bumgarner v. Reneau*, 105 N.C. App. 362, 366, 413 S.E.2d 565, 568, *modified and aff'd*, 332 N.C. 624, 422 S.E.2d 686 (1992).

> Acceptance in "some recognized legal manner" includes both express and implied acceptance. Express acceptance may take the form of, *inter alia*, a formal ratification, resolution, or order by proper officials, the adoption of an ordinance, a town council's vote of approval, or the signing of a written instrument by proper authorities.

*Id.* at 366-67, 413 S.E.2d at 569 (citations omitted).

In this case, DOT introduced into evidence maps filed with the New Hanover County Register of Deeds showing Roymac Drive as a

public road. Moreover, DOT acted to exercise dominion over Roymac Drive by incorporating it into plans to construct the bypass. These acts are sufficient to constitute acceptance of the dedication of Roymac Drive to the public. *See Tower Dev. Partners v. Zell*, 120 N.C. App. 136, 141, 461 S.E.2d 17, 21 (1995) (acceptance manifested by official adoption of a map showing area dedicated as a public street followed by other acts). Accordingly, Roymac Drive was a public street at the time of these proceedings, and the trial court erred in including it as part of the property condemned in this action.

### III

[7] DOT finally argues the trial court erred in finding that some of the defendants were entitled to damages resulting from a loss of direct access to U.S. Hwy. 421 from the industrial park.

A landowner is only entitled to damages for a deprivation of direct access to a highway where, before the condemnation occurred, his property abutted the highway to which he is denied direct access. *See Dep't of Transp. v. Harkey*, 308 N.C. 148, 151-52, 301 S.E.2d 64, 67 (1983). Because we have determined that the Roymac parcel is in unity with the condemned lots, one of which abuts U.S. Hwy. 421, we conclude that Roymac is entitled to damages resulting from a loss of direct access to U.S. Hwy. 421. As the Wilmat and Phase Two parcels, however, are not parts of the unified tract and do not abut U.S. Hwy. 421, they are not entitled to damages from a loss of direct access. Therefore, the trial court did not err in concluding that some of the defendants were entitled to damages as a result of a loss of direct access to U.S. Hwy. 421, insofar as Roymac is entitled to damages for loss of direct access based on its ownership of the Roymac parcel.

[8] Defendants alternatively claim they are entitled to compensation under section 136-89.53 of the North Carolina General Statutes for loss of access to Roymac Drive. As the Wilmat and Phase Two parcels do not abut Roymac Drive, defendants are not entitled to any compensation under N.C. Gen. Stat. § 136-89.53 for those parcels. *See* N.C.G.S. § 136-89.53 (2001) (owners of land abutting street included within a controlled access highway entitled to compensation). Moreover, the remaining lots in the Roymac parcel abutting Roymac Drive have not lost access to that road and thus Roymac is not separately entitled to compensation under section 136-89.53 for the Roymac parcel. *See Wofford v. Hwy. Comm'n*, 263 N.C. 677, 682, 140 S.E.2d 376, 380-81 (1965) (where street is made into a cul-de-sac,

abutting landowner is not entitled to compensation where the landowner still has reasonable access to the street).

Accordingly, we affirm the trial court's order with respect to the Roymac parcel being: (1) in unity with the condemned lots and (2) deprived of direct access to U.S. Hwy. 421. We, however, reverse the trial court's order with respect to: (1) the Wilmat parcel being in unity with the condemned lots; (2) the Phase Two parcel being in unity with the condemned lots; (3) the inclusion of Roymac Drive in the unified property for the purpose of determining damages resulting from the condemnation; (4) the deprivation of Wilmat and Phase Two parcels from direct access to U.S. Hwy. 421; and (5) defendants' alternative argument for compensation based on a deprivation of access to Roymac Drive.

Affirmed in part, reversed in part.

Judges WYNN and ELMORE concur.