CITY OF WINSTON-SALEM, Plaintiff v. DOUGLAS A. SLATE and wife, SHIRLEY SLATE, Defendants

CITY OF WINSTON-SALEM, Plaintiff v. GARY M. SLATE and wife, DENISE SLATE; DOUGLAS A. SLATE and wife, SHIRLEY SLATE; PAMELA S. KENNEDY and husband, RICK KENNEDY; and R. KENNETH BABB, Administrator, Defendants

No. COA06-1015

No. COA06-1161

(Filed 7 August 2007)

**1. Appeal and Error— appealability—interlocutory orders— condemnation—substantial right**

Orders under N.C.G.S. § 40A-47 (condemnation) are immediately appealable as affecting a substantial right even when interlocutory.

**2. Pleadings— motion to amend answer—no ruling**

There was no error in an eminent domain action where defendants argued that the trial court erred by declining to rule on their motion to amend their answer. The trial court properly concluded that defendants had failed to file their motion in a timely fashion; moreover, the court's orders do not preclude defendants from having their motion heard on another date.

**3. Eminent Domain— hearing—matters raised by pleadings only**

The plain language of N.C.G.S. § 40A-47 (condemnation) requires that the trial court resolve only issues raised by the pleadings, not all matters at issue between the parties as the defendants here contended.

**4. Eminent Domain— refusal to conduct evidentiary hearing—issues**

The trial court erred by refusing to conduct an evidentiary hearing in an eminent domain action where defendants' answers were sufficient to raise an issue as to the land affected by the taking.

**5. Eminent Domain— refusal to hold evidentiary hearing— prejudice**

An error in not holding an evidentiary hearing in an eminent domain action was not harmless where there was a possibility

that defendants could show a unity of ownership and unity of use as to certain tracts.

Appeal by defendants from orders entered 13 March 2006 by Judge Edwin G. Wilson, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 19 March 2007.

*Winston-Salem City Attorney Ron Seeber, by Assistant City Attorney Anthony J. Baker, for plaintiff-appellee.*

*Max D. Ballinger for defendants-appellants.*

GEER, Judge.

The City of Winston-Salem, North Carolina filed two eminent domain actions and declarations of taking in which the City sought to take a permanent sewer easement and a temporary construction easement running across real property owned by defendants in COA06-1015 and COA06-1161. As the issues presented in the appeals from the trial court's order in each eminent domain action involve common questions of law, we have consolidated the appeals for purposes of decision.

Following the filing of the City's complaints, defendants were entitled to an evidentiary hearing pursuant to N.C. Gen. Stat. § 40A-47 (2005) on all issues placed in controversy by the pleadings other than the amount of just compensation. Because the pleadings in this case presented a dispute as to the identity of the property affected by the City's taking, defendants were entitled to an evidentiary hearing on that issue. We, therefore, hold that the trial court erred by declining to conduct an evidentiary hearing and reverse and remand for further proceedings in accordance with this opinion.

Facts

These actions primarily revolve around an approximately 75 acre parcel of farmland inherited by all of the Slate children, as well as a smaller adjoining parcel solely owned by defendants Douglas and Shirley Slate. The City, intending to construct a sewer line, filed two complaints in Forsyth County Superior Court on 2 March 2004, declaring eminent domain takings of a temporary construction easement and a permanent sewer line easement across both a portion of the inherited farmland and the parcel solely owned by Douglas and Shirley Slate.

The first complaint (04 CVS 1426 in the trial court and COA06-1161 on appeal) was directed at the solely-owned parcel and named only Douglas and Shirley Slate as defendants (the "Douglas Slate action"). The second complaint (04 CVS 1430 in the trial court and COA06-1015 on appeal) related to the farmland and named as defendants Douglas and Shirley Slate, Gary and Denice Slate, Rick and Pamela Slate Kennedy, Vicky and Wilson Newsome, Beverly and Phil Shelnut, Andrew and Louise Slate, Jeffery and Becky Slate, John and Tammy Slate, Rex and Gayle Slate, and Administrator R. Kenneth Babb (the "Slate Family action"). Defendants filed answers to the City's complaints on 13 July 2004.

On 22 September 2005, defendants' counsel, Max D. Ballinger, moved to withdraw as counsel for certain defendants in the Slate Family action. The motion claimed that, prior to the filing of the City's complaints, defendants "had reached an agreement" as to how they would divide the approximately 75 acres they had inherited from their parents' estate. The motion explained that, under this agreement (the "Family Settlement"), only the property allocated to Gary and Denise Slate, Douglas and Shirley Slate, and Rick and Pamela Slate Kennedy would be affected by the City's taking. Mr. Ballinger asserted that he needed to withdraw as attorney for the remaining defendants in the Slate Family action because they no longer had any interest in the action, and continued representation of both the interested defendants and the purportedly disinterested defendants created a conflict of interest. At this point, no deeds had yet been recorded reflecting the purported property distribution resulting from the Family Settlement.

The following day, defendants filed a second motion in the Slate Family action, requesting three separate jury determinations as to the damages caused by the City's taking with respect to Gary and Denise Slate, Douglas and Shirley Slate, and Rick and Pamela Slate Kennedy. According to the motion, because Gary and Denise Slate and Douglas and Shirley Slate already owned property adjoining the property distributed to them in the Family Settlement, the City's taking should be valued for each of them separately based upon the effect of the taking on the total property owned by each of them—i.e., their portion of the farmland plus any adjoining property.

On 10 October 2005, in response to a motion by defendants Vicki and Wilson Newsome, Jill and Phil Shelnut, Andrew and Louise Slate, John and Tammy Slate, and Rex and Gayle Slate, Judge Ben F. Tennille entered an order dismissing those defendants from the Slate

Family action on the grounds that each of those defendants had, under the Family Settlement, "released and waived any and all rights to any sums received" in the eminent domain proceedings. As a result of that order, only Gary and Denise Slate, Douglas and Shirley Slate, and Rick and Pamela Slate Kennedy remained as defendants in the Slate Family action.

In a subsequent order filed on 9 November 2005, Judge Tennille concluded that Mr. Ballinger's continuing representation of the remaining Slate family defendants did not pose a conflict of interest. With respect to defendants' motion to submit three issues to the jury, Judge Tennille "defer[red] that issue to the trial Court."

The City, pursuant to N.C. Gen. Stat. § 40A-47, timely calendared a 27 February 2006 hearing to determine all issues other than damages in both the Slate Family action and the Douglas Slate action. Four days before the scheduled hearing date, on 23 February 2006, defendants in the Slate Family action filed a motion to amend their answer, as well as a notice of hearing asking that the motion to amend be heard on 27 February 2006.

At the opening of the hearing, which in fact began on 28 February 2006, the trial court inquired of counsel whether "this hearing [is] one to be determined on the pleadings[.]" The City argued that the present case should be resolved on the pleadings because the admissions and denials in defendants' answers failed to give rise to any disputed issues. The trial court then declined to conduct an evidentiary hearing and sustained the City's objections to defendants' attempted submission of various exhibits, affidavits, and testimony. In addition, after concluding that the motion to amend had not been filed the required number of days before the hearing, the trial court declined to rule on the motion at that hearing.

On 13 March 2006, the trial court entered orders in both actions, concluding, among other things, that the City had accurately described the property to be taken in its complaints, that the City and defendants were the only parties with any interest in the land taken, and that the only remaining issue to be determined was that of just compensation. With respect to the Slate Family action, the trial court also concluded that the property at issue had not been subdivided among defendants before the date of the taking and that Judge Tennille's order dismissing the other Slate Family action defendants had not affected their ownership of the property, but, rather, had merely released them from receiving any portion of the just compen-

sation. Finally, the trial court denied defendants' motion in the Slate Family action to submit separate issues to the jury. Defendants have appealed to this Court.

## Discussion

**[1]** We first address the interlocutory nature of defendants' appeals. Because the trial court's order left the issue of just compensation still to be resolved, it is an interlocutory order. *See Concrete Mach. Co. v. City of Hickory*, 134 N.C. App. 91, 96, 517 S.E.2d 155, 158 (1999). Generally, there is no right to appeal from an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). Nevertheless, this Court has held on multiple occasions that orders under N.C. Gen. Stat. § 40A-47 are immediately appealable as affecting a substantial right. *See, e.g., Piedmont Triad Reg'l Water Auth. v. Unger*, 154 N.C. App. 589, 591, 572 S.E.2d 832, 834 (2002) (trial court's determination under N.C. Gen. Stat. § 40A-47 "affect[ed] a substantial right"), *disc. review denied*, 357 N.C. 165, 580 S.E.2d 695 (2003). Defendants' appeals are, therefore, properly before the Court.

I

**[2]** We turn first to defendants' argument in the Slate Family action that the trial court erred in declining to rule on their motion to amend their answer. The trial court concluded that the motion had not been filed a sufficient number of days prior to the 28 February 2006 hearing to provide the required notice to the City.

Rule 6(d) of the Rules of Civil Procedure specifies: "A written motion . . . and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing . . . ." In computing any period of time under the Rules of Civil Procedure, "[w]hen the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation." N.C.R. Civ. P. 6(a). On Thursday, 23 February 2006, defense counsel served defendants' motion to amend their answer on the City and noticed a hearing for the 27 February 2006 court session. Under Rule 6(a), the City had only three days notice of the motion to amend as of Tuesday, 28 February 2006, the actual day of the hearing. The trial court thus properly concluded that defendants had failed to file their motion in a timely fashion prior to the hearing at which they wished to be heard and did not err in declining to consider their motion. *See FNB Southeast v. Lane*, 160 N.C. App. 535, 537-38, 586 S.E.2d 530, 532 (2003) (trial court did not abuse its discretion in refus-

ing to hear defendants' motion to amend answer when motion was filed only two days prior to hearing), *disc. review denied*, 358 N.C. 153, 592 S.E.2d 558 (2004).

Defendants nevertheless argue that the trial court in fact surreptitiously denied their motion by stating in its written orders that "[o]ther than those issues ruled on [in the order], all issues or claims alleged by the parties in their respective pleadings, or otherwise, have been resolved or are deemed to have been waived by the parties." We do not agree with defendants' interpretation of the trial court's order. At the hearing, the trial court specifically stated that it was "not allowing or denying the amendment," that the motion to amend was simply "not before the Court," and that the trial court's decision not to rule on the motion did not "mean that some judge isn't going to hear the motion to amend at a later date once it is filed and properly calendared."

Consequently, the appealed orders do not preclude defendants in the Slate Family action from having their motion to amend heard on another hearing date. We express no opinion on the merits of the motion, including the City's contention that defendants delayed too long in filing the motion to amend.

II

**[3]** We turn next to defendants' argument that N.C. Gen. Stat. § 40A-47 required the trial court to resolve not merely any matters raised by the pleadings, but, rather, "all matters at issue" between the parties. (Emphasis omitted.) Notably, as defendants admit in their brief, "they have no case to support [their] contention." *See* N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated *or authority cited*, will be taken as abandoned." (emphasis added)).

N.C. Gen. Stat. § 40A-47 provides:

> The judge, upon motion and 10 days' notice by either the condemnor or the owner, shall, either in or out of session, hear and determine any and all issues *raised by the pleadings other than the issue of compensation*, including, but not limited to, the condemnor's authority to take, questions of necessary and proper parties, title to the land, interest taken, and area taken.

(Emphasis added.) It is well settled that the meaning of any statute is controlled by the intent of the legislature and that this intent is

first ascertained from the plain language of the statute. *Elec. Supply Co. of Durham, Inc. v. Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). We conclude that the plain language of N.C. Gen. Stat. § 40A-47 requires the trial court to resolve only issues raised by the pleadings, and, as a result, we reject this argument.

**[4]** We turn now to defendants' argument that the trial court erred by refusing to conduct an evidentiary hearing. This Court has previously characterized hearings under N.C. Gen. Stat. § 40A-47 as "evidentiary," *Bd. of Educ. of Hickory Admin. Sch. Unit v. Seagle*, 120 N.C. App. 566, 568, 463 S.E.2d 277, 279 (1995), *disc. review improvidently allowed*, 343 N.C. 509, 471 S.E.2d 63 (1996), and has routinely upheld decisions under N.C. Gen. Stat. § 40A-47 in which the trial court admitted evidence during the hearing, *see, e.g., Frances L. Austin Family Ltd. P'ship v. City of High Point*, 177 N.C. App. 753, 755, 630 S.E.2d 37, 39 (trial court "reviewed depositions, pleadings, exhibits, and other materials"), *disc. review denied*, 360 N.C. 575, 635 S.E.2d 594 (2006); *Unger*, 154 N.C. App. at 591, 572 S.E.2d at 834 (trial court accepted expert testimony).

In the present case, the trial court refused to admit any of defendants' evidence on the ground that, under N.C. Gen. Stat. § 40A-47, no issues were "raised by the pleadings." In challenging this decision, defendants must demonstrate both that there were issues raised by the pleadings and that the failure to admit their evidence to resolve those issues was prejudicial. *Blankenship v. Town & Country Ford, Inc.*, 174 N.C. App. 764, 769, 622 S.E.2d 638, 642 (2005). *See also* N.C.R. Civ. P. 61 ("No error in either the admission or exclusion of evidence . . . is ground for . . . disturbing a judgment or order, unless refusal to take such action amounts to the denial of a substantial right.").

On appeal, defendants point to three issues that they claim were raised by the pleadings. First, defendants in the Slate Family action argue that the pleadings created a dispute over the ownership of the areas being taken by the City. A complaint exercising eminent domain by taking property must include "[t]he names and addresses of those persons who the condemnor is informed and believes may be or, claim to be, owners of the property . . . ." N.C. Gen. Stat. § 40A-41(4) (2005). Additionally, N.C. Gen. Stat. § 40A-47 specifically provides that, if raised by the pleadings, the "title to the land" is among the issues the trial court is to determine at the hearing. *See also State v. Forehand*, 67 N.C. App. 148, 153, 312 S.E.2d 247, 250 ("A determination of *ownership of the area affected* is a prerequisite to a determi-

nation of just compensation for the area taken." (emphasis added)), *disc. review denied*, 311 N.C. 307, 317 S.E.2d 904 (1984).

The pleadings in the Slate Family action, however, fail to give rise to a dispute as to the ownership of the property. The City's complaint in the Slate Family action states: "The names and addresses of those persons whom the Plaintiff is informed and believes may be or claim to be the owners of the property, so far as the same can be ascertained, are set forth in Exhibit B. Said persons are under no legal disability except as stated in Exhibit B, attached hereto and made a part hereof." Defendants' answer to that allegation states simply: "Admitted." Defendants then further state that "[t]heir interests in the property at issue are that they are heirs of the Ralph and Dora Slate estate, and are the beneficiaries of interests in the property at issue." Accordingly, based on the pleadings, no issue exists as to the ownership of the property being taken by the City.

Second, defendants in both actions argue that the pleadings create a dispute as to the "area taken." The City's complaints in the Slate Family action and the Douglas Slate action both state that "the area taken" is "described in said Exhibit A, attached hereto and made a part hereof." Defendants' answer in each case states in response: "It is admitted that Exhibit A accurately describes the area taken and the alleged interest taken." Again, based on the pleadings, no dispute exists as to the "area taken."

Defendants nonetheless argue that the plats filed by the City— long after the filing of the pleadings—contain errors and that those errors create a dispute as to the areas taken. According to defendants, the trial court, therefore, erred by excluding the testimony of their land surveyor, who would testify as to the errors on the City's plats. N.C. Gen. Stat. § 40A-45(c) (2005) governs the filing of plats:

> The condemnor, within 90 days from the receipt of the answer shall file in the cause a plat of the property taken and such additional area as may be necessary to properly determine the compensation, and a copy thereof shall be mailed to the parties or their attorney; provided, however, the condemnor shall not be required to file a map or plat in less than six months from the date of the filing of the complaint.

As plats are not to be filed until after the pleadings are closed and, in any event, no earlier than six months after the initiation of the action,

any dispute pertaining to them was not properly before the trial court in a hearing under N.C. Gen. Stat. § 40A-47.

Finally, defendants in both actions contend that the pleadings created a dispute as to whether the City's complaints accurately described the land "affected" by the taking. A complaint exercising eminent domain by taking property must describe any "land affected by the taking." N.C. Gen. Stat. § 40A-41(2). Defendants' answers both denied that the City had accurately described the lands affected, and, accordingly, this issue was raised by the pleadings. *See also Forehand*, 67 N.C. App. at 153, 312 S.E.2d at 250 (noting, in statutorily similar context of condemnation by Department of Transportation, that "[o]ne issue raised by the pleadings is the area affected by the taking").

The City, however, contends that the bare denial in defendants' answer was not enough to give rise to a dispute. They argue that defendants were required to set forth their contentions as to the identity of the property affected in order to preserve the issue for hearing. The City has, however, cited no authority for this proposition. Moreover, under N.C. Gen. Stat. § 40A-41(2), it is the public condemnor—not the landowner—that must carry the burden of producing a "description of the entire tract or tracts of land affected by the taking sufficient for the identification thereof[.]" *See also Redevelopment Comm'n of City of Washington, N.C. v. Grimes*, 277 N.C. 634, 643, 178 S.E.2d 345, 350 (1971) ("[I]n order to invoke [the power of eminent domain] the [petitioner] must affirmatively allege compliance with the statutory requirements."); *City of Charlotte v. McNeely*, 8 N.C. App. 649, 653, 175 S.E.2d 348, 351 (1970) ("[W]hen the City undertook to exercise the power of eminent domain . . ., it was necessary that it both allege and prove compliance with statutory procedural requirements."). We, therefore, hold that defendants' denial was sufficient to raise the issue in the pleadings. Accordingly, defendants were entitled to present evidence on the issue of the affected property.

[5] With respect to whether defendants were harmed by this error, defendants argue that they would have offered evidence indicating that other tracts were used in "unity" with the properties over which the City's easements crossed and that those tracts will, as a result, also be "affected" by the City's takings. We note as a preliminary matter that the City, in support of its contention that defendants were not harmed by the trial court's error, has attached various documents

from outside the record as appendices to its briefs before this Court. We cannot, however, consider any of those items as they are not part of the record on appeal and, therefore, may not be included in an appendix under N.C.R. App. P. 28(d). *See also Woodburn v. N.C. State Univ.*, 156 N.C. App. 549, 551, 577 S.E.2d 154, 156 (striking appendix under N.C.R. App. P. 28 because it was not part of record), *disc. review denied*, 357 N.C. 470, 584 S.E.2d 296 (2003).

N.C. Gen. Stat. § 40A-67 (2005) specifies that "[f]or the purpose of determining compensation under this Article, all contiguous tracts of land that are in the same ownership and are being used as an integrated economic unit shall be treated as if the combined tracts constitute a single tract." This Court has explained: "The distinction between whether the condemned lots are part of a unified parcel of land or instead independent parcels is significant because, if treated as a unified parcel, the damages from the condemnation are calculated by the effect on the property as a whole and not based solely on the value of the condemned lots." *Dep't of Transp. v. Roymac P'ship*, 158 N.C. App. 403, 407, 581 S.E.2d 770, 773 (2003), *appeal dismissed*, 358 N.C. 153, 592 S.E.2d 555 (2004).

In determining whether condemned land is part of a unified tract, North Carolina courts consider three factors: (1) physical unity, (2) unity of ownership, and (3) unity of use. *Barnes v. N.C. State Highway Comm'n*, 250 N.C. 378, 384, 109 S.E.2d 219, 224-25 (1959). Although all three factors need not be present, some unity of ownership must be established when separate parcels of land are involved. *Bd. of Transp. v. Martin*, 296 N.C. 20, 26, 249 S.E.2d 390, 395 (1978).

In the present case, there is no dispute that the parcels involved all adjoin and, therefore, satisfy the physical unity requirement. *See Roymac P'ship*, 158 N.C. App. at 407, 581 S.E.2d at 773 ("Physical unity generally requires that 'parcels of land must be contiguous to constitute a single tract of land.'" (quoting *Dep't of Transp. v. Rowe*, 138 N.C. App. 329, 333, 531 S.E.2d 836, 839 (2000), *rev'd on other grounds*, 353 N.C. 671, 549 S.E.2d 203 (2001), *cert. denied*, 534 U.S. 1130, 151 L. Ed. 2d 972, 122 S. Ct. 1070 (2002))). The City does not dispute this factor.

As to the next factor, the City contends there is no unity of ownership because: "Though, as of the date of taking, they each owned a co-tenants [sic] share in the Slate Heirs Property, they did not each own an interest in the homes of their respective co-Appellants." The

**CITY OF WINSTON-SALEM v. SLATE**

[185 N.C. App. 33 (2007)]

City's argument is, however, contrary to *Barnes*, which specifically addressed tenants in common. In *Barnes*, the Supreme Court held:

> The parcels claimed as a single tract must be owned by the same party or parties. It is not a requisite for unity of ownership that a party have the same quantity or quality of interest or estate in all parts of the tract. *But where there are tenants in common, one or more of the tenants must own some interest and estate in the entire tract.*

250 N.C. at 384, 109 S.E.2d at 225 (emphasis added). *See also City of Winston-Salem v. Tickle*, 53 N.C. App. 516, 528, 281 S.E.2d 667, 674 (1981) ("The test of substantial unity of ownership appears, then, to be whether some one of the tenants in the land taken owns some quantity and quality of interest and estate in all of the land sought to be treated as a unified tract."), *disc. review denied*, 304 N.C. 724, 288 S.E.2d 808 (1982).

Douglas and Shirley Slate seek to have the property involved in the Douglas Slate action treated as a single tract with the farmland that is the subject of the Slate Family action. Since they are tenants in common as to the farmland, they can thus present evidence of unity of ownership with respect to their tract and the farmland. Likewise, Gary and Denise Slate are sole owners of property that similarly adjoins the farm and have an ownership interest with respect to the farmland as tenants in common. *See id.* ("[T]he significant factor is that the party who owns an interest and estate in the parcel he seeks to include in the whole for purposes of computing damages must also own an interest and estate in the tract taken, although the two interests and estates need not be of the same quality or quantity.").

The question before this Court is not whether defendants will in fact be able to prove unity of ownership or which tracts, if any, should be treated as an integrated economic unit. The question is whether the trial court's failure to conduct an evidentiary hearing was harmless. Based on the possibility that defendants may be able to show a unity of ownership as to some of the additional tracts, we cannot determine that the trial court's error was harmless. *See Roymac P'ship*, 158 N.C. App. at 406-07, 581 S.E.2d at 773 (addressing whether the condemned lots should be considered in unity with three other parcels with varying ownership).

Finally, "[u]nity of use is determined by whether the various tracts of land are being used as an integrated economic unit." *Id.* at

408, 581 S.E.2d at 773. Defendants' offer of proof—included in the record—indicates that defendants would have offered evidence that they used their property "as a single economic unit" in conjunction with one another. Depending on the evidence actually adduced at the hearing, this may be sufficient to establish unity of use.

The City nevertheless argues, citing *Wachovia Bank of N.C. v. Weeks*, 2002 N.C. App. LEXIS 170, 2002 WL 372516, 149 N.C. App. 234, 562 S.E.2d 304 (Mar. 5) (unpublished), *cert. denied*, 356 N.C. 176, 569 S.E.2d 282 (2002), that there can be no unity of use unless the owner has exclusive use of the entire tract alleged to be affected by the taking. As an initial matter, we note that, in violation of N.C.R. App. P. 30(e)(3), the City has failed to acknowledge that *Weeks* is unpublished and failed to attach a copy of the opinion to either of its briefs. In any event, *Weeks* does not address "unity of use" for condemnation purposes, but, rather, considers exclusivity of use only in the context of adverse possession. *Weeks* is inapposite.

As the City has not made any other argument regarding unity of use, we hold that defendants have made a sufficient showing to warrant an evidentiary hearing on the issue of the property affected. We express no opinions, however, on whether defendants' evidence is sufficient under N.C. Gen. Stat. § 40A-67 or what tracts of land, if any, should be treated as an integrated economic unit.

Accordingly, we reverse and remand for an evidentiary hearing limited to the issue of the property affected by the taking. Given our resolution of this appeal, we need not address defendants' remaining arguments. *Swilling v. Swilling*, 99 N.C. App. 551, 554-55, 393 S.E.2d 303, 305 (1990), *aff'd in part and rev'd in part on other grounds*, 329 N.C. 219, 404 S.E.2d 837 (1991).

Reversed and remanded.

Chief Judge MARTIN and Judge WYNN concur.