DAVIS, Judge.
Joseph P. Riddle, III and Trina T. Riddle ("Defendants") appeal from the trial court's 8 July 2014 order in this condemnation action ruling that two parcels of the Colt Crossing Shopping Center ("Colt Crossing")-Parcels 2 and 7-constituted a single, unified tract for the purpose of determining just compensation. On appeal, Defendants argue that the trial court erred in failing to resolve the entirety of the matter in dispute between the parties because the trial court did not address whether the remaining parcels of Colt Crossing-Parcels 1 and 3-6-were also part of the unified tract. After careful review, we remand for further proceedings.
Factual Background
Pursuant to Article 9 of Chapter 136 of the North Carolina General Statutes, Plaintiff, the North Carolina Department of Transportation ("DOT"), filed two actions in Cumberland County Superior Court to acquire by condemnation certain real property in conjunction with its project to widen and reroute N.C. Highway 24 between Fayetteville and Stedman in Cumberland County. The complaints in file numbers 12 CVS 3993 and 12 CVS 4714, filed on 30 April 2012 and 21 May 2012, respectively, (1) named Defendants, Family Dollar Stores of North Carolina, Inc., and Food Lion, LLC as defendants; (2) alleged that it was necessary to condemn and appropriate the real property at issue for public use in the construction of the highway project; (3) stated that the parties were unable to agree as to the purchase price of the property; and (4) requested a jury trial to determine the issue of just compensation for the areas taken. The areas to be condemned by DOT are located in Colt Crossing, a shopping center comprised of seven parcels and reflected in a plat ("the Plat") recorded in Book 108, Page 104 in the office of the Cumberland County Register of Deeds.
The declaration of taking in file number 12 CVS 3993 described takings of 0.198 acres for a right-of-way and 0.145 acres for a permanent utility easement from Parcel 2 of Colt Crossing. The declaration of taking in file number 12 CVS 4714 described takings of 2.061 acres located in Parcel 7 for a right-of-way. On 23 December 2013 and 22 January 2014, DOT filed maps depicting the areas subject to the condemnation proceedings in file numbers 12 CVS 3993 and 12 CVS 4714.
Defendants filed a motion in the cause on 7 March 2014, alleging that the maps filed by DOT "do not accurately depict the tract of land subject to DOT's takings, nor do they make any attempt to show the 'additional area' contemplated by N.C.G.S. § 136-106(c) as being necessary to properly determine the damages to Defendants." In their motion, Defendants requested a hearing pursuant to N.C. Gen.Stat. § 136-108 "to resolve the issues of title to land, interest taken, and area taken, prior to the trial on the question of damages" and sought a determination by the court that "the tract of land known as the Colt Crossing subdivision, and depicted on the Plat ... be considered a single tract for purposes of these condemnation proceedings."
The trial court heard Defendants' motion on 24 March 2014 and entered an order on 8 July 2014 determining that Parcels 2 and 7 constitute "a single, unified tract for purposes of determining just compensation." Defendants appealed to this Court.
Analysis
I. Appellate Jurisdiction
As an initial matter, we note that the 8 July 2014 order from which Defendants are appealing is interlocutory because the issue of just compensation has not yet been resolved. See Duval v. OM Hospitality, LLC,186 N.C.App. 390, 392, 651 S.E.2d 261, 263 (2007) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." (citation omitted)). While a right to immediate appeal does not generally lie from an interlocutory order, appellate review of an interlocutory order is permissible "if the order implicates a substantial right of the appellant that would be lost if the order was not reviewed prior to the issuance of a final judgment." Keesee v. Hamilton,--- N.C.App. ----, ----, 762 S.E.2d 246, 249 (2014).
In the context of condemnation cases, our appellate courts have previously held that orders concerning the area taken in a condemnation proceeding involve a "vital preliminary issue[ ]" to the proceeding and, therefore, affect a substantial right. N.C. Dep't of Transp. v. Stagecoach Village,360 N.C. 46, 48, 619 S.E.2d 495, 496 (2005) (citation and quotation marks omitted); see Dep't of Transp. v. Airlie Park, Inc.,156 N.C.App. 63, 66, 576 S .E.2d 341, 343 ("Because defendant's present appeal specifically contests the trial court's determination of the area affected by the taking, which is a 'vital preliminary issue,' such appeal is properly before this Court."), appeal dismissed,357 N.C. 504, 587 S.E.2d 417 (2003). As such, we conclude that we have jurisdiction over the present appeal and proceed to address the merits of the issues raised by Defendants.
II. Scope of Area Affected by Takings
Defendants argue that the trial court erred by failing to resolve all of the issues before it at the § 136-108 hearing. We agree.[1]
In condemnation proceedings, the trial court is tasked with deciding preliminary issues regarding title to the land, interest taken, and the area involved in the taking. N.C. Gen.Stat. § 136-108 (2013) ; see Dep't of Transp. v. Overton,111 N.C.App. 857, 859, 433 S.E.2d 471, 473 (1993) ("The judge's function at a section 136108 hearing is to decide all questions of fact other than damages and to adjudicate DOT's right to condemn the specified property."), disc. review improvidently allowed,336 N.C. 598, 444 S.E.2d 448 (1994).
After the filing of the plat, the judge, upon motion and 10 days' notice by either the Department of Transportation or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken.
N.C. Gen.Stat. § 136-108.
Following the resolution of these matters, a jury determines what constitutes just compensation for the property taken. See Town of Apex v. Whitehurst,213 N.C.App. 579, 583-84, 712 S.E.2d 898, 902 (2011) ("[O]nce a condemnor files a condemnation action which creates a taking, the trial court must consider the extent of the taking, including issues such as the title and the specific area involved, before a jury may determine compensation for the taking.").
Pursuant to N.C. Gen.Stat. § 136-108, Defendants in the present case filed a motion requesting a hearing before the trial court to resolve such a preliminary issue-the extent of the area involved in the taking. Defendants contended, both in their motion and at the hearing, that Colt Crossing in its entirety, as reflected in the recorded Plat, was affected by DOT's taking because Colt Crossing constitutes a single, unified tract. Because N.C. Gen.Stat. § 136-108 requires the trial court to "hear and determine any and all issues raised by the pleadings other than the issue of damages, including ... interest taken ... and area taken," the trial court was obligated to fully resolve this issue.
When determining whether parcels of real property constitute a single, unified tract for the purpose of awarding damages in a condemnation proceeding, a trial court considers three factors: (1) unity of ownership; (2) physical unity; and (3) unity of use. Dep't of Transp. v. Roymac P'ship,158 N.C.App. 403, 407, 581 S.E.2d 770, 773 (2003), appeal dismissed,358 N.C. 153, 592 S.E.2d 555 (2004). As our Supreme Court explained in Barnes v. N.C. State Highway Comm'n,250 N.C. 378, 384, 109 S.E.2d 219, 224-25 (1959) :
There is no single rule or principle established for determining the unity of lands for the purpose of awarding damages or offsetting benefits in eminent domain cases. The factors most generally emphasized are unity of ownership, physical unity and unity of use. Under certain circumstances the presence of all these unities is not essential. The respective importance of these factors depends upon the factual situations in individual cases.
In this case, the trial court concluded that Parcels 2 and 7 should be considered a single, unified tract for the purpose of determining just compensation after determining that they (1) "are physically contiguous and therefore have physical unity"; (2) "have unity of use in that both parcels are presently used, on an ongoing basis as outparcels of the Colt Crossing Shopping Center, pursuant to a common scheme or plan as depicted by the Plat"; and (3) are "owned by [Defendants], as tenants by the entirety and therefore there is unity of ownership." However, the trial court failed to address or analyze the presence (or absence) of the "three unities" with regard to the remainingColt Crossing parcels, despite Defendants' contention that these parcels were also part of the same unified tract.
Indeed, during the 24 March 2014 hearing, the trial court stated
I'm not getting to lots 1, 3, 4, 5 and 6. I'm not going there because I know that's where y'all want to go, but I'm not going there. I think that what that does, it may go to the issue of, number one, the admissibility of testimony of expert witnesses as to valuation concerning the partial take.... But to me, ... the question is should these two cases concerning the partial take ... be consolidated. And for that question, it doesn't require dealing with lots 1, 3, 4, 5, and 6....
Based on the above-quoted language from the hearing and the absence of findings addressing the remaining Colt Crossing parcels in its order, we conclude that the trial court misunderstood the full extent of the issue that was before it and, as a result, failed to fully resolve the matter as required under N.C. Gen.Stat. § 136-108. Consequently, we must remand this matter to the trial court for it to determine whether any of the other Colt Crossing parcels are sufficiently united with Parcels 2 and 7 so as to constitute a single, unified tract. See City of Winston-Salem v. Slate,185 N.C.App. 33, 41-43, 647 S.E.2d 643, 648-50 (2007) (remanding for further proceedings where trial court failed to hear evidence or resolve dispute regarding area affected by taking); see generally Danny's Towing 2, Inc. v. N.C. Dep't of Crime Control & Public Safety,213 N.C.App. 375, 383, 715 S.E.2d 176, 182 (2011) (holding that "[b]ecause the trial court failed to decide [an] issue in controversy, we remand for it to do so"); Progress Energy Carolinas, Inc. v. Strickland,200 N.C.App. 600, 603, 685 S.E.2d 521, 524 (2009) (explaining that before jury can assess just compensation, trial court must determine area of land affected by condemnation).
Conclusion
For the reasons stated above, we remand this matter to the trial court for further proceedings consistent with this opinion.
REMANDED.
Judges ELMORE and STEPHENS concur.
Report per Rule 30(e).
Opinion
Appeal by defendants from order entered 8 July 2014 by Judge Mary Ann Tally in Cumberland County Superior Court. Heard in the Court of Appeals 21 January 2015.

Neither party challenges the validity of the trial court's ruling that Parcels 2 and 7 be considered a single, unified tract for the purpose of determining just compensation. As such, that issue is not before us.