CITY OF RALEIGH v. LEON M. HOLLINGSWORTH, ROSE S. HOLLINGSWORTH, ROBINSON O. EVERETTE, LINDA M. EVERETTE, THE COUNTY OF WAKE

No. 8910SC82

(Filed 7 November 1989)

**Eminent Domain § 13 (NCI3d); Attorneys at Law § 7.3 (NCI3d)— inverse condemnation—right to attorney fees**

It is consistent with N.C.G.S. § 40A-8(c) to award attorney fees when, as in this case, a landowner's counterclaim is the impetus behind the condemnor's concession that it took land not described in the complaint and declaration of taking, and when a verdict demonstrates that the jury awarded compensation for that taking.

**Am Jur 2d, Eminent Domain §§ 465, 476.**

APPEAL by plaintiff from order entered 29 September 1988 in WAKE County Superior Court by *Judge Coy E. Brewer, Jr.* Heard in the Court of Appeals 12 September 1989.

CITY OF RALEIGH v. HOLLINGSWORTH

[96 N.C. App. 260 (1989)]

*Deputy City Attorney Francis P. Rasberry, Jr., for plaintiff-appellant.*

*Nichols, Miller & Sigmon, P.A., by M. Jackson Nichols and R. Bradley Miller, for defendant-appellees.*

BECTON, Judge.

In this condemnation action, defendants seek attorney fees for plaintiff's alleged taking of property not described in plaintiff's Complaint and Declaration of Taking. The trial judge found that defendants sought (and the jury awarded) compensation, in part, for an inverse condemnation of defendant's property. On that basis, the trial judge awarded defendants $3,500.00 in attorney fees. Plaintiff appeals, and we affirm.

I

Plaintiff, the City of Raleigh (the "City"), is a municipal corporation duly organized and existing under the laws of this State. Defendants Leon M. Hollingsworth and Rose M. Hollingsworth are the owners, as tenants by the entirety, of a one-half undivided interest in real property located in the vicinity of Gorman Street and Sullivan Drive in Raleigh. Defendants Robinson O. Everette and Linda M. Everette own, as tenants by the entirety, a one-half undivided interest in the same property. The status of defendant County of Wake is not germane to this appeal.

On 12 May 1988, the City filed a Complaint, Declaration of Taking, and Notice of Deposit, declaring it to be "necessary and in the public interest to acquire by condemnation the real property interest described in Exhibit A . . . ." Exhibit A is denominated "Description of Area Taken" and delineates by metes and bounds the extent of the land claimed by the City. For the taking, the City sought to compensate defendants in the sum of $20,000.00.

On 22 December 1986, defendants filed an Answer and Counterclaim. They alleged that the City had taken, in addition to the property described in Exhibit A, an additional .047-acre parcel. On 22 January 1987, the City filed its Answer to the Counterclaim, denying defendants' allegation. Immediately prior to trial, however, the parties stipulated that the City had taken the parcel in fee.

A trial on the issue of compensation was held during the week of 8 August 1988, and the jury awarded damages to defendants in the amount of $26,402.00. On 6 September 1988, the trial judge heard defendants' motion for attorney fees. Finding that the jury had awarded compensation in part for inverse condemnation, the judge awarded fees to defendants. The City appealed.

II

The City contends that it complied with the statutory requirements for describing the nature and extent of the property it acquired from defendants. Therefore, it argues, no basis exists for the trial judge's awarding of attorney fees.

N.C. Gen. Stat. Sec. 40A-51(a) (1984) provides that if a condemnor takes property for which no complaint containing a declaration of taking has been filed, the landowner may initiate an action to seek compensation for that taking. Such an action is one for "inverse condemnation." *See City of Winston-Salem v. Ferrell*, 79 N.C. App. 103, 108, 338 S.E.2d 794, 798 (1986). Under N.C. Gen. Stat. Sec. 40A-8(c) (1984), attorney fees may be assessed against a condemnor "[i]f an action is brought against a condemnor under . . . [Section] 40A-51 seeking compensation for the taking of any interest in property by the condemnor and judgment is for the owner . . . ." Our review of the record satisfies us that the judge's finding that defendants sought and the jury awarded damages for inverse condemnation is correct.

The description in Exhibit A does not encompass the .047-acre parcel, and the City denied in its Answer to defendant's Counterclaim that it had taken this parcel. We reject, therefore, the City's contention that its Complaint and Declaration of Taking included this area within the condemned property. Moreover, the compensation awarded defendants by the jury, some $6,000.00 greater than the sum offered by the City, must have been based, in part, upon the City's taking of that parcel.

The City argues, however, that because defendants dismissed their Counterclaim for inverse condemnation prior to trial, attorney fees could not be awarded them under Section 40A-8(c). We disagree. Defendants dismissed the Counterclaim in consequence of a stipulation entered into between the parties immediately before trial began. The record indicates that the stipulation, in effect, was the City's concession that it had taken the parcel in fee, as alleged by de-

**COPLEY TRIANGLE ASSOC. v. APPAREL AMERICA, INC.**

[96 N.C. App. 263 (1989)]

fendants. We hold that it is consistent with Section 40A-8(c) to award attorney fees when, as in this case, a landowner's counterclaim is the impetus behind the condemnor's concession that it took land not described in the complaint and declaration of taking, and when a verdict demonstrates that the jury awarded compensation for that taking. Therefore, we overrule the City's assignments of error.

### III

For the foregoing reasons, the judgment of the trial court awarding attorney fees to defendants is

Affirmed. ·

Judges ARNOLD and COZORT concur.