NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, PLAINTIFF V.
STAGECOACH VILLAGE, A NORTH CAROLINA NON-PROFIT CORPORATION, DEFENDANT

No. COA03-1026-2

(Filed 6 December 2005)

### 1. Parties— necessary—homeowners association—individuals

Necessary parties are those so vitally interested that a valid judgment finally determining the controversy cannot be rendered without them. The trial court here did not err by concluding that individual lot owners with easements over a common area taken by DOT are necessary; the owners of the easements have a material interest in receiving just compensation for their easements.

### 2. Parties— proper—individual lot owners—common area taken by DOT

The trial court did not abuse its discretion by concluding that individual lot owners in a subdivision were proper parties to an action involving the taking of common area property by DOT.

### 3. Jurisdiction— standing—homeowners association

A homeowners association did not have standing to pursue individual lot owners' claims where the individual lot owners were necessary parties.

Appeal by Plaintiff from order entered 27 March 2003 by Judge John O. Craig, III in Superior Court, Guilford County. Heard in the Court of Appeals 18 May 2004. A unanimous panel of this Court dismissed the appeal as interlocutory and not affecting a substantial right. *See N.C. Dep't of Transp. v. Stagecoach Vill.*, 166 N.C. App. 272, 601 S.E.2d 279 (2004). By opinion filed 7 October 2005, the Supreme Court of North Carolina reversed and remanded to this Court to determine Plaintiff's appeal on the merits. *See N.C. Dep't of Transp. v. Stagecoach Vill.*, 360 N.C. 46, 619 S.E.2d 495 (2005).

*Attorney General Roy Cooper, by Assistant Attorney General Hilda Burnett-Baker and Special Deputy Attorney General W. Richard Moore, for plaintiff-appellant.*

*Horsley & Peraldo, P.A., by Jeffrey K. Peraldo, and Smith Moore LLP, by Bruce P. Ashley and R. James Cox, Jr., for defendant-appellee.*

WYNN, Judge.

A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party. *Strickland v. Hughes*, 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968). Plaintiff contends that the individual lot owners who have a recorded easement in the condemned common area are not necessary parties for a determination of the just compensation for the common areas. As we hold those owners of the easement have a material interest in the subject matter of the controversy, receiving just compensation for their individual easement, and their interest will be directly affected by the trial court's decision, the trial court did not err in concluding they are necessary and proper parties.

The procedural and factual history of the instant appeal is as follows: On 15 January 2002, the Plaintiff, North Carolina Department of Transportation (DOT), filed a complaint for condemnation, declaration of taking, and notice of deposit in Superior Court, Guilford County regarding certain property owned by the Defendant Homeowner's Association, Stagecoach Village. The property at issue was common area property owned by Stagecoach Village in which each lot owner of the Stagecoach Village townhouse development also owned an easement. In its answer to DOT's complaint, Stagecoach Village asserted the individual lot owners were necessary parties to the condemnation action inasmuch as each lot owner's property rights were adversely affected by the taking. On 9 October 2002, Stagecoach Village filed a motion pursuant to section 136-108 of the North Carolina General Statutes for a determination, *inter alia*, of whether the individual lot owners were necessary parties to the condemnation action. The motion came before the trial court on 16 December 2002, following which the trial court entered an order joining as necessary parties every record owner of a lot in the Stagecoach Village townhouse development. DOT appealed from this order. This Court dismissed the appeal as interlocutory and not affecting a substantial right. *See N.C. Dep't of Transp. v. Stagecoach Vill.*, 166 N.C. App. 272, 601 S.E.2d 279 (2004). The North Carolina Supreme Court reversed this Court and held a substantial right existed because "[t]he possible existence of an easement . . . is a question affecting title[.]" *See N.C. Dep't of Transp. v. Stagecoach Vill.*,

**N.C. DEP'T OF TRANSP. v. STAGECOACH VILLAGE**

[174 N.C. App. 825 (2005)]

360 N.C. 46, 48, 619 S.E.2d 495, 496 (2005)[1]. By opinion filed 7 October 2005, our Supreme Court remanded to this Court to determine DOT's appeal on the merits.

On appeal, DOT argues that the trial court erred in concluding as a matter of law that (1) each individual record owner of a lot in the Stagecoach Village townhouse development must be joined as defendants, and (2) Stagecoach Village does not have standing to pursue each individual lot owner's claim.

**[1]** DOT contends that the trial court erred in concluding as a matter of law that each individual record owner of a lot in the Stagecoach Village townhouse development is a necessary and proper party and must be joined as defendants. We disagree.

Rule 19 of the North Carolina Rules of Civil Procedure provides for the necessary joinder of parties, in pertinent part: "Subject to the provisions of Rule 23, those who are united in interest must be joined as plaintiffs or defendants[.]" N.C. Gen. Stat. § 1A-1, Rule 19(a) (2004). Necessary parties must be joined in an action. *Booker v. Everhart*, 294 N.C. 146, 156, 240 S.E.2d 360, 365 (1978). Proper parties may be joined. *Id.* Whether proper parties will be ordered joined rests within the sound discretion of the trial court. *Strickland*, 273 N.C. at 485, 160 S.E.2d at 316.

A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party. *Id.*; *Manning v. Hart*, 255 N.C. 368, 372, 121 S.E.2d 721, 725 (1961). "The term 'necessary parties' embraces all persons who have or claim material interests in the subject matter of a controversy, which interests will be

---

1. The parties do not dispute the existence of the easements in this matter. Indeed, DOT acknowledges in its brief that the "Declaration for each phase establishes that each owner of a lot has rights in the Common Area of the Stagecoach Village development . . ." under Article II which states:

> Every Owner shall have a right and easement of enjoyment in and to the Common Area which shall be appurtenant to and shall pass with the title to every Lot . . . .

Thus, the issue here does not concern the affectation of title to the easements, which is admittedly a matter of right for each owner. Instead the issue is whether the owners of easements must be joined as parties. We therefore read the mandate of our Supreme Court reinstating this appeal to reinvigorate the language under *N.C. State Highway Comm'n v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967) that interlocutory orders concerning "what land . . . is condemn[ed]" must be immediately appealed as "vital preliminary issues" involving substantial rights affected.

directly affected by an adjudication of the controversy." *Wall v. Sneed*, 13 N.C. App. 719, 724, 187 S.E.2d 454, 457 (1972) (citation omitted). When a complete determination of the matter cannot be had without the presence of other parties, the trial court must cause them to be brought in. *Strickland*, 273 N.C. at 485, 160 S.E.2d at 316. A proper party is one whose interest may be affected by a decree, but whose presence is not essential in order for the court to adjudicate the rights of others. *Id.*

The parties in the instant action seek a determination of the just compensation for DOT's taking of land whose record title is held by Stagecoach Village and each lot owner in the development has an easement in the entire common area. The trial court made a finding of fact that each lot owner has an easement property right of record in the condemned common area. The trial court also concluded as a matter of law:

> 7. Each individual lot owner's claim is not common with the entire membership and is not shared equally. Depending upon the lot owner's location in the development, the lot owner may be more or less damaged by the taking than other lot owners. Individualized proof on each lot owner's damages will be necessary. The proper parties to provide this proof are the individual lot owners.

A suit as to the just compensation of the condemned land cannot be resolved without the joiner of each lot owner in the development who has an easement property right of record. Those owners of the easement have a material interest in the subject matter of the controversy, receiving just compensation for their individual easement, and their interest will be directly affected by the trial court's decision. *See Wall*, 13 N.C. App. at 724, 187 S.E.2d at 457; *see also Rice v. Randolph*, 96 N.C. App. 112, 114, 384 S.E.2d 295, 297 (1989) (action determining whether an easement had been extinguished, record owners of lots in the subdivision, who had user rights in the easement, were necessary parties).

[2] Moreover, the trial court concluded that each individual lot owner is also a proper party. Whether proper parties will be ordered joined rests within the sound discretion of the trial court. *Strickland*, 273 N.C. at 485, 160 S.E.2d at 316. As the trial court's decision is not manifestly unsupported by reason, the trial court did not abuse its discretion.

**[3]** Finally, DOT argues that the trial court erred in concluding as a matter of law that Stagecoach Village does not have standing to pursue each individual lot owner's claim. We disagree.

This Court has previously set out:

'[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) *neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit.*'

*Creek Pointe Homeowner's Ass'n, Inc. v. Happ*, 146 N.C. App. 159, 165, 552 S.E.2d 220, 225 (2001) (internal quotation omitted) (emphasis added). As we have already determined that the individual lot owners are necessary parties to the action, the trial court did not err in concluding that Stagecoach Village does not have standing to pursue each individual lot owner's claim. *Id.*

Affirmed.

Judges CALABRIA and STEELMAN concur.