DEPARTMENT OF TRANSP. v. FERNWOOD HILL TOWNHOME HOMEOWNERS' ASS'N

[185 N.C. App. 633 (2007)]

———————————

DEPARTMENT OF TRANSPORTATION, Plaintiff v. FERNWOOD HILL TOWNHOME HOMEOWNERS' ASSOCIATION, INC., Defendant

No. COA06-964

(Filed 4 September 2007)

**1. Appeal and Error— appealability—condemnation—order to revise plat**

DOT was entitled to an immediate review of a superior court order in a condemnation action requiring it to prepare a revised plat showing a unified tract, even though it was interlocutory. It has been held that orders concerning title or area taken are vital preliminary issues involving substantial rights.

### 2. Eminent Domain— condominium owners—necessary parties

The superior court correctly determined that individual owners within a condominium association were necessary parties to a condemnation suit.

### 3. Eminent Domain— condominium common area—unity of ownership

The common area and individually owned townhouse lots in a condominium development constituted a "single, unified tract" for purposes of awarding damages for the condemnation of a portion of the common area where each individual unit owner had an estate in fee simple in his or her unit, had a property interest in the entire common area by virtue of the recorded easement, and had a property interest in the other units as a result of the restrictive covenants.

Appeal by plaintiff from order entered 24 February 2006 by Judge Narley S. Cashwell in Vance County Superior Court. Heard in the Court of Appeals 7 March 2007.

*Attorney General Roy Cooper, by Assistant Attorney General James M. Stanley, Jr., for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Stephanie Hutchins Autry, for defendant-appellee.*

GEER, Judge.

Plaintiff, the state Department of Transportation ("DOT"), appeals from an order pursuant to N.C. Gen. Stat. § 136-108 (2005), in which the trial court determined (1) that the individual owners within the Fernwood Hill Townhome development are necessary parties to this condemnation action and (2) that Fernwood Hill's common area, together with the individually-owned residential units, constitute "a single, unified tract" for the purpose of awarding damages. With respect to the first issue, we are bound by our recent decision in *N.C. Dep't of Transp. v. Stagecoach Village,* 174 N.C. App. 825, 622 S.E.2d 142 (2005), *disc. review denied,* 360 N.C. 483, 630 S.E.2d 929 (2006) (*"Stagecoach Village II"*). The second issue, however, presents a novel question: whether there is sufficient unity of ownership within the townhouse development to support treating the development as "a single, unified tract" for the purpose of awarding condemnation damages. The parties to this appeal have not cited any authority—nor

in our own research have we uncovered any—that specifically resolves this issue. After careful review, we agree with the trial court that the property interests in this case are sufficient to create the requisite unity of ownership. Accordingly, we affirm.

## Facts

On 18 August 2004, DOT initiated a condemnation action by filing a complaint and declaration of taking along with a deposit of $5,300.00 representing the amount DOT estimated to be just compensation for the planned taking. The area that DOT seeks to acquire—for a highway project in Henderson, North Carolina—is a 0.14 acre portion of the common area of the Fernwood Hill townhouse development. Defendant Fernwood Hill Homeowner's Association ("the Association") holds title to the entire common area in fee simple. The common area consists of grassy and wooded sections, parking areas, and sidewalks.

The development contains six individual residential units. The common area completely surrounds and is physically contiguous to the individually-owned residential units. In this condemnation proceeding, DOT does not seek to directly acquire, either in full or in part, any of the individually-owned properties.

The development is governed by a Declaration of Covenants, Conditions and Restrictions ("Declaration"), which includes a provision stating that the common area is "owned by the Association for the common use and enjoyment of the owners." The Declaration affirmatively grants every townhouse owner "a right and easement of enjoyment in and to the Common Area which shall be appurtenant to and shall pass with the title to every lot." The Declaration also includes a number of restrictive covenants relating to such matters as architectural control, animals on the premises, use of the parking lot, display of signs, window-mounted air conditioners, "offensive" activity, and a restriction "for residential purposes only." Article IX of the Declaration grants each individual owner, as well as the Association itself, "the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration."

The Association answered DOT's complaint and moved pursuant to N.C.R. Civ. P. 19 and 20 to add all the individual townhouse owners as necessary and proper parties. Subsequently, on 30 August 2005, the Association filed a motion, pursuant to N.C. Gen. Stat. § 136-108,

seeking a determination of "all issues raised by the pleadings other than the issue of damages." In addition to asking the trial court to find that the individual owners were necessary and proper parties, the Association contended that the "subject tract" for determining just compensation consisted not merely of the common area but the *whole* townhouse community, including the individually-owned properties.

On 24 February 2006, the trial court entered an order in the Association's favor on both issues presented. The court ordered that the individual townhouse owners be added as defendants and concluded that "[t]he common area and the individual lots, with the townhomes on them, possess substantial unity of ownership, physical unity and unity of use such that they constitute a single, unified tract for the purpose of awarding damages or offsetting benefits." The trial court ordered DOT to prepare a revised plat "show[ing] the unified tract." DOT appealed the order to this Court.

## Discussion

[1] As a preliminary matter, we note that this appeal is interlocutory because the trial court's order "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Our Supreme Court has held, however, with respect to condemnation actions, that "interlocutory orders concerning title or area taken must be immediately appealed" because these matters are " 'vital preliminary issues' involving substantial rights." *N.C. Dep't of Transp. v. Stagecoach Village*, 360 N.C. 46, 48, 619 S.E.2d 495, 496 (2005) (quoting *Dep't of Transp. v. Rowe*, 351 N.C. 172, 176, 521 S.E.2d 707, 709 (1999)). *See also Dep't of Transp. v. Airlie Park, Inc.*, 156 N.C. App. 63, 65-66, 576 S.E.2d 341, 343 ("Orders from a condemnation hearing concerning title and area taken are 'vital preliminary issues' that must be immediately appealed pursuant to section 1-277 of the General Statutes, which permits interlocutory appeals of determinations affecting substantial rights." (quoting *Rowe*, 351 N.C. at 176, 521 S.E.2d at 709)), *appeal dismissed*, 357 N.C. 504, 587 S.E.2d 417 (2003). Since the superior court's order concerns the "area taken" in the condemnation action, DOT is entitled to immediate appellate review of this order.

I

[2] Although DOT contends that the trial court erred in ordering the joinder of all the individual townhouse owners as necessary parties,

DOT also concedes "that this Court previously decided a similar issue adversely to the Department" in *Stagecoach Village II* and indicates that the purpose of its argument is "to preserve these questions for possible further review by the North Carolina Supreme Court." Indeed, our prior decision in *Stagecoach Village II* is dispositive.

In that case, DOT sought to condemn part of the common area of a townhouse development and filed suit against the homeowner's association, the fee owner of the common area. In response, the homeowner's association "asserted the individual lot owners were necessary parties to the condemnation action inasmuch as each lot owner's property rights were adversely affected by the taking." *Stagecoach Village II*, 174 N.C. App. at 826, 622 S.E.2d at 143-44. Similar to the individual owners within the Fernwood Hill development, the individual townhouse owners in *Stagecoach Village II* had a recorded easement in the common area affected by the taking. Because "those owners of the easement have a material interest in the subject matter of the controversy, receiving just compensation for their individual easement, and their interest will be directly affected by the trial court's decision," this Court held that the individual owners "are necessary and proper parties." *Id.* at 826, 622 S.E.2d at 143.

We see no basis to distinguish *Stagecoach Village II* from this case. Bound as we are by our prior decision addressing the same issue, we affirm the superior court's determination that the individual owners within Fernwood Hill are necessary parties to the condemnation suit. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

## II

**[3]** We now turn to the crux of this appeal: the trial court's conclusion of law that "[t]he common area and the individual lots, with the townhomes on them, possess substantial unity of ownership, physical unity and unity of use such that they constitute a single, unified tract for the purpose of awarding damages or offsetting benefits." As this Court recognized in *Dep't of Transp. v. Roymac P'ship*, 158 N.C. App. 403, 407, 581 S.E.2d 770, 773 (2003), *appeal dismissed*, 358 N.C. 153, 592 S.E.2d 555 (2004), "[t]he distinction between whether the condemned lots are part of a unified parcel of land or instead independent parcels is significant because, if treated as a unified parcel, the

damages from the condemnation are calculated by the effect on the property as a whole and not based solely on the value of the condemned lots." The question whether the common area and the individual townhouse lots constitute a "single, unified tract" is an issue of law subject to de novo review. *See Barnes v. N.C. State Highway Comm'n*, 250 N.C. 378, 384, 109 S.E.2d 219, 224 (1959) ("Ordinarily the question, whether two or more parcels of land constitute one tract for the purpose of assessing damages for injury to the portion not taken . . . is one of law for the court.").

North Carolina courts look for the presence or absence of three "unities" to determine whether a condemned tract is part of a larger, unified tract:

> There is no single rule or principle established for determining the unity of lands for the purpose of awarding damages or offsetting benefits in eminent domain cases. The factors most generally emphasized are *unity of ownership, physical unity and unity of use.* Under certain circumstances the presence of all these unities is not essential. The respective importance of these factors depends upon the factual situations in individual cases. Usually unity of use is given greatest emphasis.

*Id.*, 109 S.E.2d at 224-25 (emphasis added). *See also Roymac P'ship*, 158 N.C. App. at 407, 581 S.E.2d at 773 ("In determining whether condemned land is part of a unified tract, North Carolina courts consider three factors: (1) unity of ownership, (2) physical unity, and (3) unity of use.").

In this case, the superior court determined that the common area and the individual townhouses constituted a "single, unified tract" based on the presence of all three unities—substantial unity of ownership, physical unity, and unity of use. On appeal, DOT does not contest the court's conclusion that there was a unity of use and physical unity between the common area and the individual townhouse lots. Instead, DOT focuses exclusively on the unity of ownership issue.[1]

The Association, as an initial matter, urges that this Court need not reach DOT's arguments. Relying on *Barnes*, the Association contends that there was no need to show a unity of ownership since (1)

---

1. Given DOT's decision to only appeal the trial court's determination on the unity of ownership issue, we have not reviewed the unity of use or physical unity determinations. Accordingly, nothing in this opinion should be construed as expressing a view on the question whether this townhouse development meets the requirement of those other two unities.

the presence of all three unities is not required, and (2) in any event, the unity of use is the most important factor. The Supreme Court, however, in a decision subsequent to *Barnes*, specifically foreclosed this argument by holding that a unity of ownership is indispensable: "Absent unity of ownership . . . two parcels of land cannot be regarded as a single tract for the purpose of determining a condemnation award." *Bd. of Transp. v. Martin*, 296 N.C. 20, 26, 249 S.E.2d 390, 395 (1978). *See also City of Winston-Salem v. Slate*, 185 N.C. App. 33, 42, 647 S.E.2d 643, 649 (2007) ("Although all three factors need not be present, some unity of ownership must be established when separate parcels of land are involved.").

In *Barnes*, our Supreme Court described the unity of ownership factor:

> The parcels claimed as a single tract must be owned by the same party or parties. It is not a requisite for unity of ownership that a party have the same quantity or quality of interest or estate in all parts of the tract. But where there are tenants in common, one or more of the tenants must own some interest and estate in the entire tract. Under some circumstances the fact that the land is acquired in a single transaction will strengthen the claim of unity. But the fact that the land was acquired in small parcels at different times does not necessarily render the parcels separate and independent. However, there must be a substantial unity of ownership. Different owners of adjoining parcels may not unite them as one tract, nor may an owner of one tract unite with his land adjoining tracts of other owners for the purpose of showing thereby greater damages.

250 N.C. at 384, 109 S.E.2d at 225 (internal citations omitted). *See also City of Winston-Salem v. Tickle*, 53 N.C. App. 516, 528, 281 S.E.2d 667, 674 (1981) ("The test of substantial unity of ownership appears, then, to be whether some one of the tenants in the land taken owns some quantity and quality of interest and estate in all of the land sought to be treated as a unified tract."), *disc. review denied*, 304 N.C. 724, 288 S.E.2d 808 (1982). In *Tickle*, we observed that *Barnes'* reference to "tenants in common" was not meant to preclude unities of ownership based on "other forms of ownership where more than one person holds an interest and estate in property." *Id.*

DOT argues in these proceedings that no unity of ownership may be found unless it can be shown that one of the parties has both an

interest *and* an estate in the entire tract. According to DOT, it is insufficient just to have an interest in the entire tract; a party must have an estate as well. This position is contrary to our holding in *City of Winston-Salem v. Yarbrough*, 117 N.C. App. 340, 345, 451 S.E.2d 358, 362 (1994), *disc. review denied*, 340 N.C. 110, 456 S.E.2d 311 (1995), that an inchoate dower interest—which is not an estate—was sufficient to create a substantial unity of ownership between contiguous lands owned separately by a husband and wife. *Yarbrough* acknowledged that " '[a]n inchoate dower interest is not an estate in land nor a vested interest,' " *Id.* (quoting *Taylor v. Bailey*, 49 N.C. App. 216, 219, 271 S.E.2d 296, 298 (1980), *appeal dismissed*, 301 N.C. 726, 274 S.E.2d 235 (1981)), but nonetheless observed that an inchoate dower interest " 'acts as an encumbrance upon real property,' " *id.* (quoting *Taylor*, 49 N.C. App. at 219, 271 S.E.2d at 298), and is "a 'substantial right of property,' " *id.* (quoting *Shelton v. Shelton*, 225 S.C. 502, 505, 83 S.E.2d 176, 177 (S.C. 1954)). Consequently, "[w]e conclude[d] that a person's inchoate dower interest in his spouse's real property is 'some quality' of interest" such that "there was substantial unity of ownership among the [spouses'] tracts." *Id.*, 451 S.E.2d at 362-63. Accordingly, under *Yarbrough*, the Association was required only to show that at least one party had some interest *or* estate in the entire tract.

DOT contends further that no unity of ownership can exist in this case given the Supreme Court's ruling in *Martin*. The *Martin* Court confronted the question whether two parcels satisfied the unity of ownership requirement when one parcel was owned jointly by two individuals and an adjacent parcel was owned by a corporation in which one of those individuals was the sole shareholder. 296 N.C. at 26, 249 S.E.2d at 394-95. *Martin* held that the two parcels "cannot be treated as a unified tract for the purpose of assessing condemnation damages," because "[a] corporation is an entity distinct from the shareholders which own it" and "[w]here persons have deliberately adopted the corporate form to secure its advantages, they will not be allowed to disregard the existence of the corporate entity when it is to their benefit to do so." *Id.* at 28-29, 249 S.E.2d at 396. DOT asserts that this case rests on a straightforward application of *Martin*—namely, that the Association and the individual townhouse owners should not be allowed to disregard the legal distinction between them in order to unite their different parcels and thereby attempt to show greater damages.

This case, however, is different from *Martin*. Here, the condemnees, the Association and now the individual owners, contend that the multiple parcels at issue—the common area and the six individual townhouses—possess a sufficient unity of ownership because the townhouse owners have an interest in both the common area and all of the individual units. Thus, unlike *Martin*, the claimed unity of ownership does not arise out of the closeness of the relationship between the homeowner's association and the individual townhouse owners. Instead, the claimed unity is premised on each townhouse owner holding not only a fee simple estate in his or her unit, but also (1) an interest in the common area by virtue of the general easement and (2) an interest in the other individual townhouses by virtue of the restrictive covenants. According to the Association, the easement and restrictive covenants provide the townhouse owners with sufficient interest in the entire tract to support a substantial unity of ownership.

Here, we note the well-established principle that an easement is an "interest in land." *Shingleton v. State*, 260 N.C. 451, 458, 133 S.E.2d 183, 189 (1963). *Accord Braswell v. State Highway & Public Works Comm'n*, 250 N.C. 508, 512, 108 S.E.2d 912, 915 (1959). Even DOT does not dispute that the direct taking of an easement interest requires payment of just compensation. *See French v. State Highway Comm'n*, 273 N.C. 108, 112, 159 S.E.2d 320, 323 (1968) (noting that an easement is a "property right" and that while defendant "could take this property right from the plaintiff and terminate it, the defendant could not do so without the payment of compensation to the plaintiff for his property so taken"). The easement held by the individual owners is not an easement in some portion of the common area, but in the entire common area.

In addition, "[a] restrictive covenant constitutes an interest in land in the nature of a negative easement." *Dunes South Homeowners Ass'n v. First Flight Builders, Inc.*, 341 N.C. 125, 132, 459 S.E.2d 477, 481 (1995). "The servitude imposed by restrictive covenants is a species of incorporeal right. It restrains the owner of the servient estate from making certain use of his property." *Sheets v. Dillon*, 221 N.C. 426, 431, 20 S.E.2d 344, 347 (1942). *See also Armstrong v. Ledges Homeowners Ass'n*, 360 N.C. 547, 554, 633 S.E.2d 78, 85 (2006) ("Covenants accompanying the purchase of real property are contracts which create private incorporeal rights, meaning non-possessory rights held by the seller, a third-party, or a group of people, to use or limit the use of the purchased property."). The Supreme Court has also stated that "[i]t is clear in our minds that res-

idential restrictions generally constitute a property right of distinct worth . . . ." *Tull v. Doctors Bldg., Inc.*, 255 N.C. 23, 41, 120 S.E.2d 817, 829 (1961). Each of the individual owners therefore has an interest in the other owners' townhouses.

Based on the language in *Barnes*, requiring "some interest" in the entire tract, and other North Carolina cases construing *Barnes*, we conclude that the Association has met the requirement of a "substantial unity" of ownership for the entire tract. *Tickle*, 53 N.C. App. at 528, 281 S.E.2d at 674. Each individual unit owner has an estate in fee simple in his or her unit, has a property interest in the entire common area by virtue of the recorded easement, and has a property interest in the other units as a result of the restrictive covenants. The Association, therefore, has established a substantial unity of ownership across the entire development.[2] Accordingly, we affirm the order of the superior court.

Affirmed.

Judges TYSON and CALABRIA concur.

___

2. Although the Association argues that its right to collect assessments from the unit owners constitutes a significant property interest and is therefore relevant to the unity of ownership question, we do not address this contention. In addition, the Association seems to assume that damages will be determined by the decrease in value for each individual lot without considering the possible consequences of the court's order that there be only "a single, unified tract" for purposes of awarding damages. Because neither party has addressed the consequences of this conclusion for the remaining proceedings, we have not considered it, and nothing in this opinion should be viewed as expressing an opinion on that question.