TOWN OF MIDLAND, Plaintiff
v.
DARRYL KEITH WAYNE,
Trustee or any successors in trust, under the Darryl Keith Wayne Revocable Trust Agreement, and any Amendments thereto, dated February 23, 2007, Defendant

No. COA12-1163

Filed 3 September 2013

1. **Real property—inverse taking—sufficient evidence**

   The trial court did not err in a real property case by concluding that actions by plaintiff Town's contractor in using portions of defendant's land outside an easement constituted an inverse taking. There was substantial evidence to support the trial court's findings on this issue, including the ultimate finding.

2. **Real property—regulatory taking—in its entirety**

   The trial court erred in a real property case by concluding that plaintiff Town's taking of an easement constituted a regulatory taking of defendant's property in its entirety. The trial court made no findings to support a conclusion that the property had no practical use or reasonable value. Furthermore, defendant is not entitled to additional compensation, beyond the diminution in value as provided in N.C.G.S. §40A-64, based on the loss of the right to develop the property in a certain way.

3. **Appeal and Error—issue moot**

   Plaintiff Town's argument in a real property case that the trial court erred in relying upon the speculative opinion testimony of defendant's expert was moot.

4. **Real Property—unity of ownership—separate owners**

   The trial court did not err in a real property case by concluding that no unity of ownership existed between tracts of land owned by defendant and a tract owned by a separate limited liability company.

Appeal by Plaintiff and cross-appeal by Defendant from orders entered 23 March 2012 and 7 June 2012 by Judge C.W. Bragg in Cabarrus County Superior Court. Heard in the Court of Appeals 27 March 2013.

*Hartsell & Williams, P.A., by Christy E. Wilhelm and Andrew T. Cornelius, for Plaintiff.*

*Vanderventer Black, LLP, by Norman Shearin, David P. Ferrell, and Ashley P. Holmes, for Defendant.*

DILLON, Judge.

In February 2009, Plaintiff Town of Midland (the "Town") filed two actions to condemn portions of two adjacent tracts of land (the "Wayne Tracts") owned by Defendant, Darryl Keith Wayne, Trustee of the Darryl Keith Wayne Revocable Trust ("Defendant"). On 2 December 2011, the trial court held a hearing pursuant to N.C. Gen. Stat. § 40A-47 (2011), to consider all issues relating to the taking *other than* compensation. The trial court subsequently entered various orders regarding the matters raised at the hearing, which are the subject of this appeal.

## I. Background

The Wayne Tracts, which consist of approximately 90 acres of land, form the southern portion of a tract containing 250 acres of land assembled by Mr. Wayne for the purpose of developing a residential subdivision known as Park Creek. (The entire 250-acre assemblage is hereinafter referred to as "the Property.") The northern portion of the Property consisted of several tracts which were held in the name of Park Creek, LLC, in which Mr. Wayne was a member.

On 19 June 1997, the Cabarrus County Planning and Zoning Commission approved a customized development plan (the "1997 Plan") for the Property. The 1997 Plan gave Mr. Wayne the right to develop residential lots on the Property within certain parameters so long as it remained in force.

By 2009, the first two phases of lots within the Park Creek subdivision, which were located on the northern portion of the Property, had been substantially developed and sold. However, the Wayne Tracts and one tract owned by Park Creek, LLC, remained largely undeveloped.

In February 2009, the Town commenced these actions for the purpose of taking an interest in a small portion - approximately three acres - of the two Wayne Tracts for an easement in which to construct a natural gas pipeline and a fiber optic line. (The easement within the Wayne Tracts is hereinafter referred to as "the Easement.") The Town did not name Park Creek, LLC, as a party or identify its tract in the taking since

the Easement did not include any portion of the tract owned by Park Creek, LLC.

In September 2009, a contractor employed by the Town drove vehicles and equipment and maintained construction staging areas on portions of the Wayne Tracts outside of the Easement for a period of time during construction.

In the fall of 2011, Defendant filed a counterclaim for inverse condemnation in each action claiming that the contractor's actions constituted a temporary taking of portions of the Wayne Tracts outside the Easement and that Defendant was entitled "to be paid just compensation for the taking of [the Wayne Tracts]."

Also in the fall of 2011, Park Creek, LLC, moved to intervene in the condemnation actions, claiming that the Town had inversely condemned its tract by adversely impacting its rights to develop it in accordance with the 1997 Plan. This motion, however, was denied by the trial court after a hearing on 25 October 2011.

In November 2011, the trial court held a hearing, pursuant to N.C. Gen. Stat. § 40A-47, to consider all issues other than damages. Subsequently, the trial court entered two orders on 23 March 2012, which were amended by orders entered on 7 June 2012. In these orders the trial court concluded that (1) an inverse condemnation had occurred with respect to the Wayne Tracts outside the Easement and (2) there was no unity of ownership between the Wayne Tracts and the tract owned by Park Creek, LLC. From these orders, the Town appeals; and Defendant cross-appeals.

Preliminarily, we note the orders are interlocutory, with the issue of damages remaining unresolved. However, we have held that a trial court's determination that an inverse condemnation has occurred affects a substantial right and is, therefore, immediately appealable. *City of Winston-Salem v. Ferrell*, 79 N.C. App. 103, 107, 338 S.E.2d 794, 797 (1986).

## II. Analysis

In reviewing the Town's appeal and Defendant's cross-appeal from the trial court's orders, our standard of review is whether the findings of fact are supported by competent evidence and whether the findings of fact support the conclusions of law. Conclusions of law are reviewed *de novo*. *See id.* at 111, 338 S.E.2d at 799. We address each appeal separately below.

A: The Town's Appeal

The Town challenges the trial court's determination regarding Defendant's inverse condemnation counterclaims. Additionally, the Town argues that the trial court erred by relying upon the opinion of Defendant's expert.

In these actions, the Town filed actions to condemn the Easement. In its orders, however, the trial court determined that the Town had inversely condemned the Wayne Tracts outside the Easement in two ways. First, the trial court determined that the Town had temporarily taken portions of the Wayne Tracts outside the Easement through the actions of its contractor during the construction of the pipeline and fiber optic line. Second, the trial court determined that the Town's condemnation of the Easement "ha[s] denied [Defendant] of all practical uses of the Wayne Tracts, resulting in a regulatory taking of the Wayne Tracts." We address each challenge below.

1: Temporary Taking

[1] The Town argues that the trial court erred in concluding that the actions by its contractor in using portions of the Wayne Tracts outside the Easement constituted an inverse taking. We disagree.

In this case, the trial court found that the Town's contractor drove vehicles and equipment, built a road and cleared and maintained construction staging areas, all on portions of the Wayne Tracts outside the Easement. The findings in this case are similar to the facts in *Ferrell* in which "[t]he contractor entered upon defendants' land, graded and gravelled a roadway outside the areas identified as areas to be acquired by the City, and began to haul pipe into the construction site[;] [t]he contractor used a second area outside the identified easements to store pipes and equipment." *Id.* at 105, 338 S.E.2d at 795. In *Ferrell*, we held that the trial court, "as the trier of fact, could find from the . . . evidence that the contractor's use of the roadway over defendants' property was essential to provide access to the City's sewer outfall construction site, that such use thus necessarily flowed from the construction of the improvement in keeping with the design of the condemnor, and that it thus resulted in an appropriation of land outside the easements." *Id.* at 112, 338 S.E.2d at 800. As in *Ferrell*, the trial court, here, essentially found the contractor's use of portions of the Wayne Tracts outside the Easement was essential to the construction. Specifically, in its 7 June 2012 order, the trial court made finding of fact number 10, which stated as follows:

10. The dimensions, size, and location of the easements acquired and the location of an existing pipeline were such that the Town's contractor was forced to enter areas of the Wayne Tracts outside such easements. The said easements were not large enough or so situated to accommodate both the piles of dirt generated by excavations required for the installation of the pipeline and other construction activities necessitated by plans for the Project.

After thorough review of the evidence in this case, we conclude that there was substantial evidence to support the trial court's findings on this issue, including the ultimate finding quoted above. Defendant offered the testimony of Alan Goodman, who testified, *inter alia*, that the area within the Easement was impassable at times during construction making it necessary for the contractor to utilize land outside the Easement. Further, Defendant also offered a number of photographs purportedly showing that the Easement was impassable. Accordingly, the Town's argument is overruled.

2: Regulatory Taking

[2] The Town next argues that the trial court erred by concluding that the Town's taking of the Easement constituted a regulatory taking of the Wayne Tracts in their entirety. We agree.

There are "two categories of regulatory action that require a finding of a compensable taking: regulations that compel physical invasions of property and regulations that deny an owner all economically beneficial or productive use of property." *King by & Through Warren v. North Carolina Dep't of Env't., Health & Natural Resources*, 125 N.C. App. 379, 385, 481 S.E.2d 330, 333, *disc. review denied*, 346 N.C. 280, 487 S.E.2d 548 (1997). In the case, *sub judice*, the trial court concluded that a regulatory taking occurred based on the second category set out in *King*. Specifically, the trial court concluded in its June 2012 order as follows:

18. The Town's condemnations in [these actions] have denied [Defendant] all practical uses of the Wayne Tracts, resulting in a regulatory taking of the Wayne Tracts.

This conclusion is based on a series of findings in which the trial court determined that Defendant had a vested right to develop lots on the Wayne Tracts in accordance with the 1997 Plan; that because of the Town's condemnation of the Easement, "it is no longer economically feasible for [Defendant] to construct roads on the Wayne Tracts in accordance with the [1997] Plan"; and that "[c]onsequently, [Defendant]

has been deprived of all practical uses of the Wayne Tracts." In other words, the trial court concluded that the Wayne Tracts have no practical use based on a finding that Defendant might no longer be able to develop them in a particular way.

Our Supreme Court has stated in such cases that "the test for determining whether a taking has occurred . . . is whether the property . . . has a practical use and a reasonable value." *Finch v. City of Durham*, 325 N.C. 352, 364, 384 S.E.2d 8, 15 *reh'g denied*, 325 N.C. 714, 388 S.E.2d 452 (1989) (citation omitted). However, "a taking does not occur simply because government action deprives an owner of previously available property rights." *Id.* at 366, 384 S.E.2d at 16 (citation omitted).

We do not believe that the trial court's conclusion that a regulatory taking by the Town of the Wayne Tracts in their entirety is supported by the trial court's findings. The trial court made no findings to support a conclusion that the Wayne Tracts, which include approximately 87 acres outside the three-acre Easement, have *no* "practical use . . . or reasonable value." The trial court did not find that the Wayne Tracts could not be developed residentially at all. Rather, the trial court found that "[a]ny major changes or amendments to the [1997] Plan such as the elimination of roads will also render the [1997] Plan ineffective, eliminating [Defendant's] vested rights in the Plan, and requiring [Defendant] to submit a new plan for approval by Cabarrus County[,]" which suggests that the Wayne Tracts could still be developed for residential use, though not in accordance with the 1997 Plan. Therefore, the trial court's findings do not support Defendant's claim for inverse condemnation of the Wayne Tracts in their entirety based on a regulatory taking.

Our holding does not prevent Defendant from presenting evidence at a subsequent trial on damages with respect to an inability to develop the Wayne Tracts in accordance with the 1997 Plan. Such evidence could be determined to be competent to show the diminution in value of the Wayne Tracts resulting from the taking of the Easement.

· Defendant argues that its inverse condemnation claim should be sustained, in any event, based on the trial court's finding that it had a "vested right" in the 1997 Plan, because the Town did not specifically identify in its complaint that this "vested right" was being taken. Generally, a property owner may have a justified inverse condemnation claim in the event that it loses a vested right as a result of a government action where the government has not filed a declaration of taking. N.C. Gen. Stat. § 40A-51(a) provides that "[i]f property has been taken . . . and no complaint containing a declaration of taking has been filed[,] the

owner of the property . . . may initiate an action to seek compensation for the taking." *Id.*

However, here, the Town did file complaints identifying the "property [it] sought to acquire" as required by N.C. Gen. Stat. § 40A-20, which was a portion of the Wayne Tracts. Chapter 40A provides that one measure of damages where only a partial taking of a tract occurs is "the amount by which the fair market value of the entire tract immediately before the taking exceeds the fair market value of the remainder immediately after the taking[.]" N.C. Gen. Stat. § 40A-64(b)(i) (2011). Our Supreme Court stated in *Board of Transportation v. Jones* that where a condemner has taken a portion of a tract, "evidence regarding the adverse effects of the condemnation on the remaining property is admissible, but such effects 'are not separate items of damages, recoverable as such, but are relevant only as circumstances tending to show a diminution in the overall fair market value of the property.'" 297 N.C. 436, 439, 255 S.E.2d 185, 187-88 (1979) (quoting *Gallimore v. Commission*, 241 N.C. 350, 355, 85 S.E.2d 392, 396 (1955)).[1] Defendant is not entitled to additional compensation, beyond the diminution in value as provided in N.C. Gen. Stat. §40A-64, based on the loss of the right to develop the property in a certain way.[2] Therefore, where the Town has filed a complaint which will entitle Defendant to compensation based on the diminution in value of the Wayne Tracts caused by the taking of the Easement, an inverse condemnation action by Defendant seeking additional damages resulting in the loss of its vested rights cannot be sustained.

### 3: Expert Witness Opinion Testimony

[3] The Town argues that the trial court erred in relying upon the speculative opinion testimony of Richard Flowe, Defendant's expert witness, in concluding that the Town's taking of the Easement resulted in a regulatory taking of the Wayne Tracts in their entirety. Specifically, the Town argues that Mr. Flowe's testimony was based on a map

---

1. The other cases cited by Defendant regarding a regulatory taking are inapposite. For instance, Defendant cites *Raleigh v. Hollingsworth* in which a property owner filed a counterclaim for inverse condemnation. 96 N.C. App. 260, 385 S.E.2d 513 (1989). Our Court sustained a finding that an inverse condemnation had occurred; however, the property owner did not allege that the condemnor had taken additional rights in the property the condemnor had not identified in its notice of taking. Rather, the property owner alleged that the condemnor took another separate tract in addition to the tract identified in the notice of taking. *Id.*

2. Based on our holding, it is not necessary for us to decide whether Defendant's right to develop the Wayne Tracts in accordance with the 1997 Plan constitutes a "vested right."

showing a hypothetical development plan and not on a review of the 1997 Plan. However, our decision in subsection 2 above renders this argument moot.

### B: Defendant's Cross-Appeal

### 1: Unity of Ownership

**[4]** In Defendant's sole argument on cross-appeal, he contends the trial court erred by concluding that no unity of ownership existed between Park Creek, LLC, and Defendant. We disagree.

Pursuant to N.C. Gen. Stat. § 40A-67, "all contiguous tracts of land that are in the same ownership and are being used as an integrated economic unit shall be treated as if the combined tracts constitute a single tract." *Id.*

In this case, the facts are not in dispute. Mr. Wayne testified that he was the majority shareholder of Park Creek, LLC, owning 75% of its property. Mr. Wayne also testified that he is the record owner of the Wayne Tracts as Trustee of the Darryl Keith Wayne Trust. Our Supreme Court has held that "[a]bsent unity of ownership . . . two parcels of land cannot be regarded as a single tract for purposes of determining a condemnation award." *Board of Transp. v. Martin*, 296 N.C. 20, 26, 249 S.E.2d 390, 395 (1978) (emphasis added). Further, the *Martin* Court held that "a parcel of land owned by an individual and an adjacent parcel of land owned by a corporation of which that individual is the sole or principal shareholder cannot be treated as a unified tract for the purpose of assessing condemnation damages." *Id.* at 28, 249 S.E.2d at 396. Based on *Martin*, we conclude the trial court did not err in finding and concluding that there was no unity of ownership between the Wayne Tracts owned by Mr. Wayne and the tract owned by a separate limited liability company.

Defendant argues that *Martin* is not controlling because it is a limited liability company and not a corporation, citing *City of Winston-Salem v. Yarbrough*, 117 N.C. App. 340, 451 S.E.2d 358 (1994); *D.O.T. v. Nelson Co.*, 127 N.C. App. 365, 489 S.E.2d 449 (1997); and *D.O.T. v. Fernwood Hill Townhome Homeowners' Ass'n*, 185 N.C. App. 663, 649 S.E.2d 433 (2007). However, none of these cases involve a situation in which a limited liability company owns one tract and one of its members has ownership in an adjacent tract.

In *Yarbrough, supra,* we found that there was unity of ownership between a tract owned by a husband and an adjacent tract owned by his wife. We based this holding on the wife's inchoate right of dower in the

husband's land; and, accordingly, the wife held "some quality" of interest in both tracts. *Yarbrough, supra.*

In *Nelson Co., supra,* we held unity of ownership may exist between two adjacent tracts owned by separate partnerships where some of the general partners were the same. In so holding, we stated that "each general partner has an ownership interest in partnership property along with the other partners[,]" relying on N.C. Gen. Stat. § 59-55(a) (1996). *Id.* at 367, 489 S.E.2d at 450.

Finally, in *Fernwood Hill Townhome Homeowners' Ass'n, supra,* we held that there was unity of ownership between the common areas owned by a homeowner's association and the individual townhomes. In so holding, we noted that the owners of the individual townhomes also each possessed an easement over the common areas, thus creating a unity of ownership. *Id.* at 640, 649 S.E.2d at 438.

However, unlike the individuals in *Yarbrough, Nelson Co.,* and *Fernwood Hill Townhome Homeowners' Ass'n,* Mr. Wayne, *individually,* has no interest in the tract owned by Park Creek, LLC. Rather, he merely owns an interest in the limited liability company which owns the tract. The *Martin* Court reasoned that a corporation and its shareholders are to be treated differently for purposes of determining whether unity of ownership exists based on the fact that a "corporation is an entity distinct from its shareholders which own it. . . . Where persons have deliberately adopted the corporate form to secure its advantages, they will not be allowed to disregard the existence of the corporate entity when it is in their benefit to do so." *Id.* at 28-29, 249 S.E.2d at 395 (citations omitted). We believe that this reasoning equally applies to the relationship between a limited liability partner and its members. Unlike a general partnership, a corporation and a limited liability company are each established by its owners, in part, "to secure [the] advantage[]" of a shield from the liabilities of the entity. Defendant cannot now ask this Court to disregard the entity. Defendant argues, however, that we should treat a limited liability company like a general partnership, rather than like a corporation, for purposes of determining unity of ownership because both entities are taxed similarly. However, this argument is unconvincing; subchapter S corporations and partnerships are also taxed similarly.

### III: Conclusion

For the foregoing reasons, we conclude the trial court did not err in ruling there was an inverse taking with regard the parking of construction

vehicles and the temporary construction of a road on the Wayne Tracts outside of the Easement condemned by the Town's contractor. However, we hold that the trial court erred in concluding that there was a regulatory taking of the Wayne Tracts in their entirety. Lastly, regarding Defendant's cross-appeal, we affirm the trial court's ruling concerning the question of unity of ownership. Accordingly, we remand this matter to the trial court for a determination of damages with respect to both the Town's taking as described in its notice of taking to be calculated pursuant to N.C. Gen. Stat. §40A-46 and the temporary taking of portions of the Wayne Tracts outside the Easement by the Town's contractor.

AFFIRMED, in part; REVERSED and REMANDED, in part.

Judge CALABRIA and Judge ERVIN concur.